CARLSON, Presiding Justice,
for the Court.
¶ 1. This appeal involves various issues arising from medical-negligence/wrongful-death litigation against various medical providers under both the Mississippi Tort Claims Act and the medical-malpractice statute. We affirm in part and reverse in part the final judgment of dismissal entered by the Circuit Court for the Second Judicial District of Bolivar County, Judge Charles E. Webster presiding.
FACTS AND PROCEEDINGS IN THE TRIAL COURT
¶ 2. Albert Price, Jr., Nina Price’s (“Price”) husband, was diagnosed with a pituitary tumor on April 9, 2004, just four months prior to his death on August 14, 2004. Upon the death of her husband, Nina Price commenced this litigation via a duly-filed complaint alleging that her husband’s primary-care physician, Dr. Steven Clark, had proximately caused her husband’s injuries and wrongful death due to his negligent failure to timely diagnose the pituitary tumor. Pursuant to a theory of respondeat superior, Price also named as defendants in her original complaint Dr. Clark’s employers: Cleveland Medical Clinic, PLLC; Cleveland Medical Alliance, *513 LLP (“Alliance”); and Providence Healthcare d/b/a Bolivar Medical Center (“Bolivar Medical Center”).[1] Price further alleged that her husband’s neurologist, Dr. Ravi Pande, of Greenwood Neurology Clinic, was negligent in failing to diagnose the tumor, which proximately caused injuries to Mr. and Mrs. Price and the wrongful death of Mr. Price.
¶ 3. Mr. Price had various health problems, receiving primary care from 1980 until the time of his death in 2004 at what he believed to be the same medical clinic. However, this clinic actually was a series of successive partnerships housed in the same facility. Alliance was a limited-liability partnership formed on May 30, 1997, by the Board of Trustees for Greenwood Leflore Hospital and physicians Charles F. Brock, M.D.; Benny B. Wright, Jr., M.D.; Samuel D. Austin, M.D.; and Barry S. Sullivan, M.D. Dr. Clark was an employee of Alliance from December 20, 1999, through September 30, 2003. However, Price maintains that at the time she filed the suit, she was unaware of any affiliation between Alliance and Greenwood Leflore Hospital. Cleveland Medical Clinic, PLLC, was the successor clinic organized and operated between October 1, 2003, and January 31, 2004, by physicians Charles F. Brock, Jr., M.D.; James E. Warrington, Jr., M.D.; Benny B. Wright, Jr., M.D.; and Steven Clark, M.D. After February 1, 2004, Cleveland Medical Clinic became an affiliated entity of Delta Regional Medical Center. Bolivar Medical Center, formerly known as Bolivar County Hospital, was the local hospital where Mr. Price received medical care.
¶ 4. The following is a procedural time-line of this case:
August 30, 2004 Price mailed notice-of-claim letters, as required by Mississippi Code Section 15-1-36(15), to the following defendants: Dr. Steven Clark, individually; Dr. Clark on behalf of Alliance; National Registered Agents on behalf of Bolivar Medical; Gerald Jacks, a registered agent of Cleveland Medical Clinic.
August 31, 2004 Price filed a complaint [2] against Dr. Steven Clark, Alliance, Bolivar Medical, Cleveland Medical Clinic, Dr. Ravi Pande, and John Does 1-5. The basis of the complaint was negligence and gross negligence in failing to treat and diagnose the pituitary tumor. That same day, Price mailed Dr. Pande a notice-of-claim letter.
December 7, 2004 The defendants were personally served with process. Dr. Clark was served individually and on behalf of Alliance, because Price mistakenly believed him to be a former partner of the now-dissolved limited-liability partnership.
January 4, 2005 Dr. Pande filed a Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted based on Dr. Pande’s alleged protected status under the MTCA as a employee of Greenwood Neurology Clinic, which was owned and operated by a public hospital, Greenwood Le-flore Hospital. Dr. Pande later was *514 dismissed from the suit by Agreed Order of Dismissal Without Prejudice filed on February 2, 2006.
February 3, 2005 Price sent notice-of-claim letters to additional defendants pursuant to the MTCA. Price sent these letters to Delta Regional Medical Center (L. Ray Humphreys, CEO) due to its affiliation with Cleveland Medical Clinic and to Greenwood Le-flore Hospital (Jerry Adams, Executive Director) due to its affiliation with Alliance and Greenwood Neurology Clinic.
June 27, 2005 Without leave from the trial court, Price filed an “Amended Complaint” adding defendants Greenwood Leflore Hospital and Delta Regional Medical Center. The amended complaint retained all the previously named defendants, but renamed Cleveland Medical Clinic as “Cleveland Medical Clinic, PLLC.” The underlying basis of the complaint remained the same-negligence and gross negligence. Dr. Clark, Alliance, and Cleveland Medical Clinic, PLLC, were not served with a copy of the amended complaint. Greenwood Leflore Hospital eventually was dismissed by Agreed Order of Dismissal Without Prejudice filed on February 2, 2006. Delta Regional was dismissed from the suit by Agreed Order of Dismissal entered on March 13, 2006.
November 2, 2005 Price filed a “Second Amended Complaint” that retained the previously named defendants and underlying basis for the complaint, but added PHC-Cleveland, Inc. d/b/a Bolivar Medical Center. PHC-Cleveland, Inc. d/b/a Bolivar Medical Center was incorrectly identified in the original complaint as “Province Healthcare Company.” Also on this day, summonses were issued for service on Delta Regional Medical Center, Greenwood Leflore Hospital, and PHC-Cleveland, Inc., by way of CT Corporation Service in Lakeland, Florida.
December 27, 2005 Defendants, Dr. Steven Clark, Cleveland Medical Clinic, and Alliance filed their Answers, First Defenses, and Motions to Dismiss, raising the defenses of failure to timely file notice of claim pursuant to Mississippi Code Section 15-1-36; the failure of plaintiff to attach to the second amended complaint a certificate executed by the plaintiffs attorney as required by Mississippi Code Section 11-1-58; the failure to provide proper notice of claim under the MTCA; as well as all applicable Rule 12 defenses under the Mississippi Rules of Civil Procedure and other relevant defenses. Following a response from Price, the defendants filed a Rebuttal in Support of Motions to Dismiss and Notice of Conversion to Motion for Summary Judgment.
February 21, 2006 An Agreed Order of Dismissal was entered for PHC-Cleveland, Inc. (incorrectly named in the Complaint as Province Healthcare Company d/b/a Bolivar Medical Center).
April 20, 2006 Price issued new notice-of-claim letters to Drs. Steven Clark, Barry Sullivan, Samuel D. Austin, Bennie B. Wright, Jr., and Charles F. Brock and Cleveland Medical Clinic c/o Drs. Brock, Austin, Wright, and Sullivan.
April 27, 2006 Price filed a Motion for Voluntary Dismissal Without Prejudice as to defendants Dr. Steven Clark, Alliance, and Cleveland Medical Clinic. On May 8, 2006, Price filed a Motion to Substitute Parties by Filing Amended Complaint to enable her *515 to substitute named defendants for John Does 1-5 in the original complaint. By the end of May, a hearing was set for June 23, 2006, before Circuit Judge Charles Webster in Clarks-dale, Coahoma County, Mississippi.
July 24, 2006 Price’s motion to amend complaint was granted. An Order Granting Partial Summary Judgment was entered by the trial judge and filed on July 24, 2006, dismissing, with prejudice, all defendants subject to the MTCA.
July 26, 2006 Price filed a third amended complaint identifying the following defendants: Steven Clark, M.D.; Samuel Duff Austin, M.D.; Bennie Barnette Wright, Jr., M.D.; the Estate of Barry Stephen Sullivan, M.D. (“Dr. Sullivan”); Cleveland Clinic, PA; Cleveland Medical Clinic, Ltd.; Alliance; and Cleveland Medical Clinic, PLLC. Price substituted the newly named defendants for John Does 1-5 from the original complaint. The complaint alleged negligence and gross negligence in the failure to treat and/or properly diagnose Mr. Price’s pituitary tumor. Dr. Sullivan treated Mr. Price from 1994 until 2000. Dr. Austin treated Mr. Price in 1990. Dr. Wright treated Mr. Price from 2000 until 2002. Dr. Clark treated Mr. Price from 2000 until Mr. Price’s death in June 2004.
August 28, 2006 Trial court entered an order denying defendants’ Motion to Amend Judgment.
September 5, 2006 Defendants filed Answers and First Defenses and Motions to Dismiss.
March 19, 2007 Trial court entered an Amended Order that dismissed the five defendants substituted in the Third Amended Complaint for John Does 1-5: Drs. Samuel Austin, Bennie B. Wright, Jr. and Barry Stephen Sullivan; and Cleveland Clinic, P.A., Cleveland Medical Clinic, Ltd. The trial court clarified that the time period during which Dr. Clark and Cleveland Medical Clinic, PLLC, were not subject to MTCA immunity was from October 1, 2008, to January 31, 2004. Thus, according to the trial court, Price could maintain a claim for conduct that occurred only during this time period.
August 20, 2007 Trial court entered an order granting summary judgment for the remaining defendants, Dr. Clark and Cleveland Medical Center, PLLC, on the basis that Price was unable to establish any genuine issue of material fact that Dr. Clark had deviated from the standard of care at any point during the period of time from October 1, 2003, through January 31, 2004.
¶ 5. The July 24, 2006, Order Granting Partial Summary Judgment dismissed with prejudice the defendants subject to immunity under the MTCA. All claims not subject to the MTCA were dismissed without prejudice. As to the original complaint, the trial court looked at three separate issues: (1) what legal effect should be given to the original complaint, (2) what legal effect should be given to the summonses issued and served following the original complaint, and (3) what legal effect should be given to the responses that the defendants filed in response to the original complaint. The trial court found no conflict or ambiguity between the sixty-day-notice provision of Mississippi Code Section 15-1-36 and the noneconomic-dam-ages provision under Section 11-1-60.
¶ 6. The trial court, relying on University of Mississippi Medical Center v. Easterling, 928 So.2d 815 (Miss.2006), determined that the proper remedy for violating the notice requirements of Sections 15-1- *516 36(15) and 11-46-11 was dismissal. Moreover, the trial court determined that, since the amended complaint, filed in June 2005, was the first complaint filed after all defendants had been issued proper notice of claim, the amended complaint should be treated as an original complaint. Thus, in referring to the original complaint filed on August 31, 2004, the trial court opined that, “the summonses issued pursuant to such complaint were of no legal effect and ’ any pleadings filed in response thereto were likewise mere surplusage.” The trial court also found that “no leave of [the] court was required” when Price filed the June 27, 2005, amended complaint because “there was nothing to amend.”
¶ 7. Moreover, the trial court determined that April 9, 2004, the date of diagnosis of the pituitary tumor, was the date that the plaintiff should have discovered the alleged negligence that gave rise to the cause of action. Since the original complaint no longer had any legal effect, the trial court started the tolling of the statute of limitations with the filing of the June 27, 2005, amended complaint. Because the amended complaint was never served on Dr. Clark, Alliance, or Cleveland Medical Clinic, the trial court tolled the statute of limitations for 120 days pursuant to Rule 4 of the Mississippi Rules of Civil Procedure. Likewise, the trial court tolled the statute of limitations for only 120 days after the November 2, 2005, second amended complaint was filed, because Price again failed to serve the defendants with the second amended complaint. Ultimately, the trial court found that, with all available tolling — ninety-five days for the notice-of-claim letters, and 120 days for each filed-but-unserved amended complaint — the one-year statute of limitations under the MTCA had expired on March 10, 2006. Thus, all claims against MTCA defendants were dismissed with prejudice. All claims against non-MTCA defendants were dismissed without prejudice. The trial court did not, however, specify which defendants were and were not subject to the MTCA.
¶ 8. The March 19, 2007, order dismissed with prejudice the parties substituted for John Does 1-5, including Samuel Duff Austin, M.D.; Bennie Barnette Wright, Jr., M.D.; Estate of Barry Stephen Sullivan, M.D.; Cleveland Medical Clinic, Ltd.; and Cleveland Clinic, PA, on the basis that all applicable statutes of limitations had run and the substituted parties did not relate back to the original complaint under either Rule 15(c) or Rule 9(h) of the Mississippi Rules of Civil Procedure. Furthermore, the trial court found that Price had failed to use due diligence in ascertaining the identities of these parties. All claims arising against Alliance were dismissed with prejudice. All claims against Dr. Clark, during his employment with Alliance and Cleveland Medical Clinic, a service of Delta Regional Medical Center were dismissed with prejudice in keeping with the trial court’s previous finding that these defendants were subject to MTCA immunity, and thus entitled to dismissal with prejudice due to the running of the statute of limitations. All other claims embraced by the third amended complaint against Dr. Clark and Cleveland Medical Clinic, PLLC, from the time period of October 1, 2003, through January 31, 2004, were not dismissed.
¶ 9. An order entered on August 20, 2007, granted summary judgment in favor of Dr. Clark and Cleveland Medical Clinic, PLLC, on the basis that Price was unable to establish any genuine issue of material fact that Dr. Clark had deviated from the applicable standard of care at any point from October 1, 2003, through January 31, 2004. Thus, the circuit court entered a judgment dismissing with prejudice all claims against Dr. Clark and Cleveland Medical Clinic, PLLC.
*517 DISCUSSION
¶ 10. Pursuant to Rule 56(c) of the Mississippi Rules of Civil Procedure, summary judgment “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.” Miss. R. Civ. P. 56(c). This Court reviews a trial court’s grant or denial of a motion for summary judgment or a motion to dismiss under a de novo standard. Aneo v. Tolliver, 949 So.2d 691, 694 (Miss.2006) (citing Monsanto v. Hall, 912 So.2d 134, 136 (Miss.2005)). Moreover, this Court reviews the application of the MTCA de novo. Lee v. Mem’l Hosp., 999 So.2d 1263, 1266 (Miss.2008) (citing City of Jackson v. Brister, 838 So.2d 274, 278 (Miss.2003)).
¶ 11. Plaintiff Price espouses ten assignments of error by the trial court for this Court’s review:
(1) Whether the trial court erred in not granting Plaintiff an exemption from the notice requirements under Mississippi Code Sections 15-1-36 and 11-46-11 because her cause of action arose within sixty days of September 1, 2004 (the date the noneconomic damages pursuant to Section ll-l-60(a)(2) went into effect);
(2) "Whether the trial court erred in dismissing Plaintiffs original complaint due to Plaintiff filing her complaint only one day after the Notice-of-Claim Letter;
(3) Whether the trial court erred in ruling that Plaintiffs August 30, 2004, Notice-of-Claim letters failed to substantially comply with Section 11-46-11;
(4) Whether the trial court erred in ruling that Plaintiffs original August 31, 2004, complaint failed to toll the statute of limitations until the court entered an order dismissing it in July 2006;
(5) Whether the trial court erred in holding Plaintiff to the knowledge of Cleveland Medical Alliance’s status as an “instrumentality” of Greenwood Le-flore Hospital;
(6) Whether the trial court erred in not allowing the Plaintiff to conduct further discovery and to take depositions to determine the level of control Greenwood Leflore Hospital had over Cleveland Medical Alliance, LLP, and its employees;
(7) Whether the trial court erred in ruling that Cleveland Medical Alliance, LLP, was subject to the Mississippi Tort Claims Act, as an instrumentality of Greenwood Leflore Hospital;
(8) Whether Cleveland Medical Alliance, LLP, and Dr. Clark waived affirmative defenses of MTCA protections by waiting over one year before raising the defense and by waiting an additional five months before noticing motions to dismiss for a hearing, after actively participating in the litigation of this matter;
(9) Whether the trial court erred in dismissing claims against Defendants Drs. Austin, Wright, Sullivan, ■ Cleveland Medical Clinic, LTD, and Cleveland Medical Clinic, PA, which were added as named Defendants in the Plaintiffs Third Amended Complaint replacing the previously unnamed Defendants of John Does 1-5;
(10) Whether the trial court, all circumstances considered, erred in not giving Plaintiff her right to redress in the courts.
¶ 12. Dr. Steven Clark and Cleveland Medical Clinic, PLLC, cross-appeal the trial court’s August 28, 2006, order denying their motion to amend judgment and the March 19, 2007, amended order granting summary judgment on the basis that the trial court erred in failing to dismiss the *518 claims against them with prejudice due to the deficient original complaint and subsequent amendments. Moreover, these defendants assert that, without any tolling effect by the complaints, the only tolling is the sixty-day period following Price’s August 30, 2003, notice-of-claim letters for all non-MTCA claims, meaning the statute of limitations would have expired two years and sixty days after the April 9, 2004, diagnosis of Mr. Price’s pituitary tumor. According to the defendants, the expiration of the statute of limitations occurred on June 8, 2006, well before the July 26, 2006, filing of Price’s third amended complaint. Therefore, the defendants contend the trial court erred in granting Price leave to amend and to file the third amended complaint.
¶ 13. Defendants Drs. Austin, Wright, and Sullivan; and Cleveland Medical Clinic Ltd., and Cleveland Clinic, P.A., ask this Court to affirm the trial court’s dismissal of all claims against them with prejudice.
¶ 14. We combine, restate and reorder these various issues for the sake of today’s discussion.
I. WHETHER THE TRIAL COURT ERRED IN DISMISSING PLAINTIFF’S ORIGINAL COMPLAINT DUE TO PLAINTIFF’S FAILURE TO COMPLY WITH THE STATUTORY NOTICE REQUIREMENTS OF SECTIONS 15-1-36(15) AND 11-46-11(1).
¶ 15. Price first filed suit on August 31, 2004, having mailed notice-of-claim letters only one day prior, on August 30, 2004. Price admits that, in an attempt to avoid the cap on noneconomic damages effective September 1, 2004, she willfully ignored the sixty-day notice requirement of Mississippi Code Section 15-1-36(15). Miss.Code Ann. § 15-1-36(15) (Rev.2003). Price argues that she should be exempt from the sixty-day notice-of-claim requirement found in Section 15-1-36(15) and the ninety-day notice-of-claim requirement found in Section 11-46-11(1) because those requirements would have subjected Price’s original complaint to the noneconomic cap on damages found in Mississippi Code Section 11-1-60. Miss.Code Ann. § 11-46-11(1) (Rev.2002); Miss.Code Ann. § 11 — 1— 60 (Rev.2004). She argues she should not be subject to the noneconomic-damages cap because the limitation was not in effect at the time of Mr. Price’s death. The trial court’s opinion noted that Price could have avoided being subject to the September 1, 2004, cap on damages only if she had filed sixty days after her husband’s diagnosis and had not waited to file until after his death. We agree with the trial court in this respect. The statute of limitations for a wrongful-death claim is subject to, and limited by, the statute of limitations associated with the underlying tort that resulted in the wrongful death. Thiroux v. Austin, 749 So.2d 1040, 1042 (Miss.1999). To be more precise,
the Mississippi wrongful-death statute, despite the Legislature’s assigned nomenclature, encompasses all claims — including survival claims which could have been brought by the decedent, wrongful-death claims, estate claims, and other claims — resulting from a tort which proximately caused a death. And where death is not an immediate result of the tort, the limitation periods for the various kinds of claims may not begin to run at the same time.
Caves v. Yarbrough, 991 So.2d 142, 149-50 (Miss.2008). Thus, analysis of the running of the statute of limitations in a wrongful-death case may differ from one claim to another, depending on the particular claim asserted.
¶ 16. Strict compliance with statutory notice is required, regardless of why the plaintiff failed to provide notice. See *519 Univ. of Miss. Med. Ctr. v. Easterling, 928 So.2d 815, 819-20 (Miss.2006); Pítalo v. GPCH-GP, Inc., 933 So.2d 927, 929 (Miss. 2006).
¶ 17. Price argues that, because the caselaw prior to University of Mississippi Medical Center v. Easterling, 928 So.2d 815 (Miss.2006), was more lenient as to notice requirements and because this cause of action was filed in 2004, Easter-ling should not apply. See e.g., City of Pascagoula v. Tomlinson, 741 So.2d 224, 228 (Miss.1999) (finding that dismissal of a lawsuit for failure to comply with the waiting period was a disproportionate remedy). However, we have held that the statutory notice is required for claims filed on or after January 1, 2003, regardless of when the claim accrued. Pítalo, 933 So.2d at 928-29.
¶ 18. Thus, dismissal was the proper remedy for failure to comply with the notice requirements. The law did not change as to the notice provisions. It was this Court’s tolerance of violating notice provisions that waned. As this Court stated in Easterling:
Since the MTCA’s passage in 1993, a considerable amount of time has passed for the legal profession to become aware of the ninety-day notice requirement in section 11-46-11(1). See 1993 Miss. Laws 476. The result here, as in Ivy, is that the ninety-day notice requirement under section 11^46-11(1) is a “hard-edged, mandatory rule which the Court strictly enforces.”
Univ. of Miss. Med,. Ctr. v. Easterling, 928 So.2d 815, 820 (Miss.2006) (quoting Ivy v. GMAC, 612 So.2d 1108, 1116 (Miss.1992)).
¶ 19. As to the requisite notice required for medical-negligence claims falling under Section 15-1-36(15), this Court has stated:
When interpreting a statute that is not ambiguous, this Court will apply the plain meaning of the statute. Claypool v. Mladineo, 724 So.2d 373, 382 (Miss.1998). In construing a statute, the Court must seek the intention of the Legislature, and knowing it, must adopt that interpretation which will meet the real meaning of the Legislature. Evans v. Boyle Flying Service, Inc., 680 So.2d 821, 825 (Miss.1996). When drafting Miss.Code Ann. Section 15-1-36(15), the Legislature did not incorporate any given exceptions to this rule which would alleviate the prerequisite condition of prior written notice. Simply stated, “shall” is mandatory, while “may” is discretionary. Franklin v. Franklin, 858 So.2d 110, 114 (Miss.2003). Pitalo’s failure to send notice of her intent to sue clearly violates the mandatory instructions concerning notice in Miss.Code Ann. Section 15-1-36(15).
Pítalo v. GPCH-GP, Inc., 933 So.2d 927, 929 (Miss.2006). Unless otherwise specified, decisions of the Mississippi Supreme Court are presumed to have a retroactive effect. Miss. Transp. Com/m’n v. Ronald Adams Contractor, Inc., 753 So.2d 1077, 1093 (Miss.2000). Mississippi law now requires strict compliance with the ninety-day-notice requirement in the Mississippi Tort Claims Act. See Miss.Code Ann. § 11-46-11(1) (Rev.2002); Long v. Mem’l Hosp. at Gulfport, 969 So.2d 35, 41 (Miss. 2007); Easterling, 928 So.2d at 819-20. Accordingly, the trial court did not err in its finding that the notice requirements are clear, must be strictly applied, and must be given retroactive effect.
II. WHETHER THE TRIAL COURT ERRED IN RULING THAT PLAINTIFF’S AUGUST 30, 2004, NOTICE-OF-CLAIM LETTERS FAILED TO SUBSTANTIALLY COMPLY WITH SECTION 11-46-11(2).
*520 ¶ 20. Price argues that the trial court erred in finding that the August 30, 2004, notice-of-claim letters did not substantially comply with the statutory requirements of MTCA, section 11-46-11(2). That section states:
Every notice of claim required by subsection (1) of this section shall be in writing, and shall be delivered in person or by registered or certified United States mail. Every notice of claim shall contain a short and plain statement of the facts upon which the claim is based, including the circumstances which brought about the injury, the extent of the injury, the time and place the injury occurred, the names of all persons known to be involved, the amount of money damages sought and the residence of the person making the claim at the time of the injury and at the time of filing the notice.
Miss.Code Ann. § 11^16-11(2) (Rev.2002). Most recently, in Lee v. Memorial Hospital of Gulfport, 999 So.2d 1263 (Miss.2008), this Court reaffirmed that substantial compliance, not strict compliance, with Section 11 — 46—11(2) is required. Id. at 1266 (citing Reaves ex rel. Rouse v. Randall, 729 So.2d 1237,1240 (Miss.1998)). “What constitutes substantial compliance, while not a question of fact but one of law, is a fact-sensitive determination.” Carr v. Town of Shubuta, 733 So.2d 261, 263 (Miss.1999).
¶ 21. Defendants argue that Price failed to comply substantially with Section 11-46-11(2) inasmuch as the letters did not contain allegations of the nature of the negligent conduct or actual circumstances that brought about the injury, the time and place of alleged negligent conduct, the time and place where the injury occurred, the names of all persons known to be involved, the amount of money damages sought, or claimant’s residence at the time of injury and at the time of filing the notice. Defendants are correct in almost all of their assertions. The three letters, identical in content, contained no language concerning the time period when Mr. Price allegedly suffered his injury. Also, there also was no mention of the names of the persons involved. In fact, no mention of any physicians’ names appeared in the body of the letter. While Dr. Clark’s letter put him on sufficient notice, the letters addressed to Cleveland Medical Clinic, PLLC, Providence Healthcare Company, and Alliance could have referred to anyone employed at those facilities. Moreover, the notice-of-claim letter for Alliance was served on Dr. Clark, who at no time was authorized to accept service on behalf of the clinic. Letters to Greenwood Leflore Hospital and Delta Regional Medical Center were not sent until February 2005. Furthermore, the letters did not contain a monetary amount of the damages sought or the residence of the claimant either at the time of injury or at the time of the filing of the complaint. See Parker v. Harrison County Bd. of Supervisors, 987 So.2d 435, 441 (Miss.2008).
¶ 22. Accordingly, the trial court did not err in concluding that substantial compliance with Section 11-46-11(2) was the proper standard, and in finding that the August 30, 2004, notice-of-claim letters did not substantially comply with Section 11-46-11(2). This issue is without merit.
III. WHETHER THE TRIAL COURT ERRED IN RULING THAT PLAINTIFF’S ORIGINAL, AUGUST 31, 2004, COMPLAINT FAILED TO TOLL THE STATUTE OF LIMITATIONS UNTIL THE COURT ENTERED AN ORDER DISMISSING IT IN JULY 2006.
¶ 23. In its initial ruling on July 24, 2006, the trial court granted partial summary judgment in favor of defendants, dismissing all defendants subject to MTCA *521 immunity with prejudice and all defendants not subject to MTCA immunity without prejudice. The trial court in its Amended Order, entered March 19, 2007, clarified that Alliance, at all times during its existence (May 30, 1997, until September 30, 2003) was subject to MTCA immunity due to its affiliation with Greenwood Leflore Hospital. Dr. Clark was an employee of Alliance from 1999 until September 30, 2003; therefore, he was subject to MTCA immunity during this time period. Moreover, on February 1, 2004, Dr. Clark became an employee of Cleveland Medical Clinic, an entity owned and operated by Delta Regional Medical Center — thus regaining his MTCA immunity.
¶ 24. Price argues that the original August 31, 2004, complaint tolled the statute of limitations as to both the MTCA and Section 15-1-36 claims, given that it was filed within the one-year statute of limitations under the MTCA and the two-year statute of limitations under Section 15 — 1— 36. According to the defendants, all claims against MTCA and non-MTCA defendants should have been dismissed against them with prejudice because the original complaint was invalid for want of either sixty-day notice pursuant to Section 15-1-36 or ninety-day notice pursuant to the MTCA, thus, that complaint failed to have any tolling effect.
¶ 25. Because it was dismissed for want of proper notice, the trial court gave no legal effect to the original complaint. Therefore, the trial court found that this complaint should have no tolling effect for either the MTCA or Section 15-1-36 claims. The trial court treated the June 2005 Amended Complaint as the original complaint because it was the first complaint filed after all defendants had been served notice-of-claim letters.
¶ 26. The trial court began the tolling of the statute of limitations with the February 3, 2005, MTCA notice-of-claim letters. As of February 3, 2005, according to the trial court, there were sixty-five days left in which to file the complaint. Thus, May 9, 2005, was the ninety-fifth day. Because the Amended Complaint and the Second Amended Complaint were never served on Dr. Clark, Alliance, or Cleveland Medical Clinic, the trial court allowed 120 days of tolling for each amended complaint to be counted toward the MTCA and Section 15-1-36 statute of limitations. According to the trial court, by June 27, 2005, sixteen days were left, and the remaining sixteen days began to run on the one-hundred-twentieth day, that being October 25, 2005. The trial court found that, with possible stays and tolling, the one-year statute of limitations ran against all MTCA defendants on March 10, 2006. As a result, the trial court dismissed with prejudice all defendants subject to the MTCA. All non-MTCA defendants were dismissed without prejudice based on the trial court’s finding that the two-year statute of limitations had not run for Section 15-1-36. This order was entered on July 24, 2006.
¶27. No precedent is cited by either the trial court or the parties supporting the trial court’s failure to give a tolling effect to the original complaint due to Price’s failure to provide statutory notice. Rule 3(a) of the Mississippi Rules of Civil Procedure states “[a] civil action is commenced by filing a complaint with the court.” Ordinarily, when a complaint is filed and properly served, that complaint tolls the running of the statute of limitations. Owens v. Mai, 891 So.2d 220, 223 (Miss.2005).
¶28. The defendants argue that dismissal with prejudice of MTCA claims should be affirmed and that all Section 15-1-36 claims against them should have been dismissed with prejudice because no valid original complaint was ever filed due to the *522 violation of the statutory notice requirements. The defendants contend that the trial court was correct in its finding that the sixty-day notice is mandatory for filing a valid Section 15-1-36 complaint and ninety-day notice is mandatory for filing a valid MTCA complaint. Moreover, the defendants interpret Bunton v. King, 995 So.2d 694 (Miss.2008), as holding that subsequent amendments to pleadings cannot be found to cure violations of notice requirements, thus, no valid complaints have been filed to date.
¶ 29. Defendants are correct in their assertion that Bunton stands for the premise that notice-of-claim letters and amendments filed after the suit is commenced will not constitute valid notice or prevent dismissal of a suit. Id. at 696. In Bunton, the plaintiffs filed suit only seven days after sending a MTCA notice-of-claim letter in clear violation of the ninety-day-notice requirement of Section 11-46-11(1). Id. The trial court granted the plaintiffs leave to amend and subsequently held that the amended complaint related back to the date of the original complaint under Mississippi Rule of Civil Procedure 15(c), for the purpose of the statute of limitations. Id. at 695. This Court held the plaintiffs’ amended complaint could not serve to cure the failure to provide ninety-day notice and that dismissal was the proper remedy. Id. at 696. Bunton should not, however, be interpreted as abrogating the Mississippi Rules of Civil Procedure in favor of statutory pre-suit notice requirements by invalidating complaints that were properly filed and served.
¶ 30. While failure to provide proper statutory notice cannot be cured by serving notice-of-claim letters after a complaint is filed, a properly served complaint — -albeit a complaint that is wanting of proper pre-suit notice — should still serve to toll the statute of limitations until there is a ruling from the trial court. In treating the original complaint as if it was never filed, the trial court determined that the summonses issued pursuant to the original complaint and the response filed by Dr. Pande were surplusage. In doing so, the trial court declined to address the defendants’ contention that Dr. Clark was improperly served on behalf of Alliance on the basis that he was not a designated agent for service of process. Because there is no finding on the record by the trial court on the issue of whether Alliance has ever been properly served with process, this case must be remanded to the trial court for a determination of this issue.
¶ 31. Accordingly, we agree with Price that the August 31, 2004, complaint was properly filed and served within both the one-year statute of limitations under MTCA and the two-year statute of limitations under Section 15-1-36 as to defendants Dr. Clark and the Cleveland Medical Clinic. Because Price failed to comply with the requisite notice requirements, dismissal was the proper remedy; however, the trial court erred in dismissing these defendants with prejudice, given that the complaint served to toll the statute of limitations until the trial court’s July 2006 ruling.
IV. WHETHER THE TRIAL COURT ERRED IN HOLDING PLAINTIFF TO THE KNOWLEDGE OF CLEVELAND MEDICAL ALLIANCE’S STATUS AS AN “INSTRUMENTALITY” OF GREENWOOD LEFLORE HOSPITAL.
¶ 32. Cleveland Medical Alliance has been found by this Court to be an instrumentality of Greenwood Leflore Hospital subject to the protections of MTCA. See Estate of Grimes v. Warrington, 982 So.2d 365, 369 (Miss.2008). Price argues that she had no way of knowing of *523 the affiliation between Cleveland Medical Alliance and Greenwood Leflore Hospital before filing suit, since Cleveland Medical Alliance was no longer in existence and did not at any time advertise its affiliation with Greenwood Leflore Hospital. The defendants contend that, after Price was informed of Cleveland Medical Alliance’s status as a MTCA-covered entity, she had ample time before the statute of limitations expired to provide proper notice and file suit against it. In support of this argument, the defendants refer to a letter sent to Price dated December 23, 2004, that indicated that Cleveland Medical Alliance, LLP, was an instrumentality of Greenwood Leflore Hospital. Additionally, the defendants maintain that, along with this letter, they provided the Agreement of Partnership for Alliance, the Physician Employment Agreement between Dr. Steven Clark and Alliance; and the Partnership Dissolution for Alliance; the Operating Agreement for Cleveland Medical Clinic, PLLC; and the Physician Employment Agreement for Dr. Steven Clark and Delta Regional Medical Center. Price concedes that she received this documentation and the December 23, 2004, letter.
¶ 33. The defendants further argue that, even if Price had filed the suit with limited knowledge of the affiliation, she could have cured any procedural deficits upon receipt of notice by defense counsel as early as December 23, 2004. The trial court did not err in holding Price to knowledge of the affiliation.
¶ 34. We thus find this issue to have no merit.
V. WHETHER THE TRIAL COURT ERRED IN NOT ALLOWING PLAINTIFF TO CONDUCT FURTHER DISCOVERY AND TAKE DEPOSITIONS TO DETERMINE THE LEVEL OF CONTROL GREENWOOD LEFLORE HOSPITAL HAD OVER CLEVELAND MEDICAL ALLIANCE, LLP, AND ITS EMPLOYEES.
VI. WHETHER THE TRIAL COURT ERRED IN RULING THAT CLEVELAND MEDICAL ALLIANCE, LLP, WAS SUBJECT TO THE MISSISSIPPI TORT CLAIMS ACT, AS AN INSTRUMENTALITY OF GREENWOOD LEFLORE HOSPITAL.
¶ 35. Price argues that the trial court erred in not allowing her the opportunity, via discovery, to prove that Cleveland Medical Alliance, LLP, was not an instrumentality of Greenwood Leflore Hospital. The defendants point to the fact that scheduled depositions of Dr. Steven Clark were cancelled at the agreement of Price and were never rescheduled by Price. Moreover, the defendants argue that Price would have made the same arguments at trial that were made by the plaintiff in Estate of Grimes v. Warrington, 982 So.2d 365 (Miss.2008), which were rejected flatly by this Court in Grimes. Finally, the defendants argue that, even if Price had been allowed discovery as to this issue, it would not have served to divest Alliance of its MTCA protection.
¶ 36. In Estate of Grimes, the issue before this Court was whether Alliance was entitled to the protections, limitations, and immunities of the MTCA as an “instrumentality” of Greenwood Leflore Hospital. In reaching its decision, the Court in Grimes relied on Bolivar Leflore Medical Alliance, LLP v. Williams, 938 So.2d 1222 (Miss.2006), a case involving a partnership agreement between a medical clinic and Greenwood Leflore Hospital that was nearly identical in its provisions to the agreement between Alliance and Greenwood Leflore Hospital. Just as in Bolivar Leflore Medical Alliance, the Court in Grimes found that the partnership agree *524 ment between Greenwood Leflore Hospital and Alliance entitled the clinic and its employee to the protection of the MTCA, because Greenwood Leflore Hospital had maintained sufficient control over the clinic and its employee. Estate of Grimes, 982 So.2d at 369 (Miss.2008).
¶ 37. Price attempts to distinguish the defendant in Grimes from the defendants in this case by pointing to the fact that Dr. Warrington, the defendant in Grimes, was a partner of Cleveland Medical Alliance rather than an employee, as is the case with Dr. Clark. The analysis by this Court in Grimes, however, was not based on Dr. Warrington’s status as a partner, nor does the MTCA make immunity contingent on whether a defendant is a partner versus an employee. Moreover, Price had notice of Cleveland Medical Alliance’s MTCA status as early as December 2004. As previously discussed, the trial court did not err in finding that Price had ample opportunity to correct her procedural missteps. For the reasons stated, we thus find this issue to have no merit.
VII. WHETHER THE CLEVELAND MEDICAL ALLIANCE, LLP, AND DR. CLARK WAIVED AFFIRMATIVE DEFENSES OF MTCA PROTECTIONS BY WAITING MORE THAN ONE YEAR BEFORE RAISING THE DEFENSE AND BY WAITING AN ADDITIONAL FIVE MONTHS BEFORE NOTICING MOTIONS TO DISMISS FOR A HEARING AFTER PARTICIPATING IN THE LITIGATION OF THIS MATTER.
¶ 38. Price contends that the defendants waived the affirmative defense of MTCA protection by their delay in raising the defense in their answer and by subsequent active participation in the litigation. The defendants contend that their delay in answering was at Price’s request so that she could have an opportunity to cure any procedural defects.
¶ 39. Ordinarily, delay coupled with active participation in a lawsuit serves to waive affirmative defenses that otherwise would terminate the action. MS Credit Center, Inc. v. Horion, 926 So.2d 167,181 (Miss.2006). This Court considers MTCA immunity an affirmative defense. Estate of Grimes v. Warrington, 982 So.2d 365, 370 (Miss.2008) (citing City of Ellisville v. Richardson, 913 So.2d 973, 975 (Miss.2005); Lumberman’s Underwriting Alliance v. City of Rosedale, 727 So.2d 710, 712 (Miss.1998); Dixon v. Singing River Hosp. Sys., 632 So.2d 951, 952 (Miss.1994)). In Grimes, this Court found that Dr. Warrington waived his MTCA defense when he raised it in his answer but failed to file a motion to dismiss on this ground and instead engaged in litigation by consenting to a scheduling order, participating in written discovery, and conducting depositions. Grimes, 982 So.2d at 370.
¶ 40. The defendants argue that, at Price’s request, they waited more than one year to answer Price’s original August 31, 2004, complaint. Moreover, Price failed to serve her amended Complaint and second amended complaint on the defendants. This Court agrees with the defendants that Price should not be able to make an argument that her case was prejudiced by the defendants’ delay when she requested that all defendants not file any responsive pleadings until she was able to ascertain which defendants were subject to MTCA immunity. Accordingly, this issue is without merit.
VIII. WHETHER THE TRIAL COURT ERRED IN DISMISSING CLAIMS AGAINST NEWLY-NAMED DEFENDANTS DRS. AUSTIN, WRIGHT, SULLIVAN, CLEVELAND MEDICAL CLINIC, LTD, AND CLEVELAND MEDI *525 CAL CLINIC, PA, WHICH WERE ADDED AS NAMED DEFENDANTS IN THE PLAINTIFF’S THIRD AMENDED COMPLAINT, REPLACING THE PREVIOUSLY-UNNAMED DEFENDANTS JOHN DOES 1-5.
¶ 41. This assignment of error involves the trial court’s ruling as to the newly-named defendants in the third amended complaint. Price filed this third amended complaint more than two years after the diagnosis of her husband’s tumor; thus, if the substituted parties did not relate back to John Does 1-5, Price’s complaint was time-barred as to the newly-named defendants. The defendants in this third amended complaint, filed July 26, 2006, were as follows: Steven Clark, M.D.; Samuel Duff Austin, M.D.; Bennie Barnette Wright, Jr., M.D.; Estate of Barry Stephen Sullivan, M.D.; Cleveland Medical Alliance, LLP; Cleveland Medical Clinic, PLLC; Cleveland Medical Clinic, Ltd.; and Cleveland Clinic, P.A. Drs. Austin, Wright, and Sullivan, as well as Cleveland Medical Clinic, Ltd. and Cleveland Clinic, P.A., were added in the third amended complaint in place of John Does 1-5, as set out in the original August 31, 2004, complaint.
¶ 42. Dr. Clark, Alliance, and Cleveland Medical Clinic, PLLC, argue that, because the original complaint had no effect once dismissed, any amended complaint cannot relate back to the August 31, 2004, original complaint under Mississippi Rule of Civil Procedure 15(c), which allows for changing a party where a previously-named party was mistakenly included in the original complaint. Rule 15(c)(2) makes the following distinction between changing a party and substituting a party: “An amendment pursuant to 9(h) is not an amendment changing the party against whom a claim is asserted and such amendment relates back to the date of the original pleading.” Miss. R. Civ. P. 15(c)(2).
¶ 43. The trial court found that, because John Does 1-5 were retained in both the amended and second amended complaints, but eliminated in the third amended complaint, it was clear that Price intended for the newly-named defendants in the third amended complaint to be substituted for John Does 1-5, as opposed to replacing mistakenly-identified parties with the correct parties. Likewise, Price chooses to travel under Mississippi Rule of Civil Procedure 9(h) in support of her argument that the John Does 1-5 were fictitious parties. Rule 9(h) states:
When a party is ignorant of the name of an opposing party and so alleges in his pleading, the opposing party may be designated by any name, and when his true name is discovered the process and all pleadings and proceedings in the action may be amended by substituting the true name and giving proper notice to the opposing party.
Miss. R. Civ. P. 9(h). As the trial court aptly explained, a Rule 9(h) amendment does not change the party, but supplies “the true identity of a party who is already in litigation.” The trial court’s opinion explained the purpose of Rule 9(h) as follows:
It is significant that the word “unknown” does not appear in MRCP 9(h). Rather the rule speak[s] in terms of a plaintiff being “ignorant of the name of an opposing party.” Thus, the language of MRCP 9(h) assumes the existence of such a party and the plaintiffs awareness of such existence. It is not the intent of MRCP 9(h) to permit a plaintiff to bring into the litigation defendants whose existence was unknown to the plaintiff at the commencement of the action.
*526 The trial court found that, at the time the original complaint was filed, Price neither knew the identities of the parties, nor was she aware of any facts giving rise to any cause of action against such unknown individual or corporate entity; therefore, the trial court did not err in finding that Price’s substitution did not comport with the purpose of Rule 9(h). Furthermore, the trial court found that Price did not act with reasonable diligence in identifying these parties.
¶ 44. The defendants argue that the trial court was correct inasmuch as Price’s third amended complaint cannot relate back to her original August 31, 2004, complaint, because she failed to use due diligence in ascertaining the identity of the alleged tortfeasors. Price concedes that in July 2004, she obtained medical records from Cleveland Medical Clinic that dated back to 2001; however, Price argues that Cleveland Medical Clinic, Ltd., Alliance, and Cleveland Medical Clinic, PLLC, were identified ambiguously in the medical records as Cleveland Clinic, thus, according to Price, giving the impression that they were all the same clinic. Price admits that she consulted an expert prior to filing suit; however, upon obtaining more medical records, Price’s expert was able to offer an opinion that a referral for an MRI should have been made after Mr. Price became blind in 1989. In support of her argument that Rule 9(h) allows for fictitious parties where a plaintiff is ignorant of the facts giving rise to a cause of action, Price cites Womble v. Singing River Hospital, 618 So.2d 1252 (Miss.1993). In Womble this Court stated:
It is a principle of general application, though, that ignorance of the opposing party for fictitious party practice extends beyond mere lack of knowledge of the opposing party’s name. Even if the plaintiff knows the true name of the person, he is still ignorant of his name if he lacks knowledge of the facts giving him a cause of action against that person.
Id. at 1267.
¶ 45. On the other hand, the defendants cite Rawson v. Jones, 816 So.2d 367 (Miss.2001), for the premise that Rule 9(h) requires a plaintiff to pursue reasonably diligent inquiry into the true identities of the fictitious parties “through the use of judicial mechanisms such as discovery.” Id. at 369 (citing Doe v. Miss. Blood Sens., Inc., 704 So.2d 1016, 1019 (Miss.1997)). The Court in Rawson emphasized that the language of Womble is not to be interpreted as giving “potential plaintiffs permission to sit on their rights.” Rawson, 816 So.2d at 369.
¶ 46. The trial court did not err in finding that Price was not reasonably diligent in ascertaining the facts that gave rise to her claims against the substituted defendants and that she thus was not entitled to the shield of Rule 9(h). Price received medical records pertaining to her husband’s treatment prior to filing suit, and the defendants provided her with Alliance’s partnership agreement and Dr. Clark’s employment records as early as December 2004. Accordingly, we find that the trial court committed no error in determining that the complaint naming the substituted parties did not relate back to the original complaint under any applicable rule of civil procedure. The trial court did not err in finding that Price had failed to use due diligence in ascertaining the identities of the proper parties, and that the MTCA one-year statute of limitations had thus run at the time Price filed suit against the aforementioned defendants. In sum, the trial court committed no error in dismissing those defendants with prejudice.
IX. WHETHER THE TRIAL COURT ERRED IN NOT GIVING *527 PLAINTIFF HER RIGHT TO REDRESS IN THE COURTS.
¶ 47. Price asserts that she was denied her right to redress in the courts. This Court has held that a plaintiffs right to redress is not absolute. See Arceo v. Tolliver, 949 So.2d 691 (Miss. 2006). In Arceo, this Court stated:
“There is no absolute right of access to the courts. All that is required is a reasonable right of access to the courts — a reasonable opportunity to be heard.” Wayne v. Tenn. Valley Auth, 730 F.2d 392, 403 (5th Cir.1984) (cited with approval in Townsend [v. Estate of Gilbert ], 616 So.2d 333, 337 (Miss.1993)). While the right under our state and federal constitutions to access to our courts is a matter beyond debate, this right is coupled with responsibility, including the responsibility to comply with legislative enactments, rules, and judicial decisions. While the plaintiff in today’s case had the constitutional right to seek redress in our state courts for the unfortunate death of her daughter, she likewise had the responsibility to comply with the applicable rules and statutes, including section 15-1-36(15). Any different approach would render meaningless any rule or statute setting time limitations on litigants.
Id. at 697 (emphasis in original). Article 3, Section 24 of the Mississippi Constitution provides:
All courts shall be open; and every person for an injury done him in his lands, goods, person, or reputation, shall have remedy by due course of law, and right and justice shall be administered without sale, denial, or delay.
Miss. Const, art. 3, § 24 (1890). However, notwithstanding this constitutional right, the Legislature has certain authority via statutory enactments, and this Court possesses its inherent rule-making authority to set guidelines as to how redress may be sought through our courts. No party may sit on his or her rights. “The law is created for the watchful and not for the negligent.” Harrison Enters, v. Trilogy Commc’ns, Inc., 818 So.2d 1088, 1095 (Miss.2002).
¶ 48. Additionally, as this Court stated in Carter v. Mississippi Department of Corrections, 860 So.2d 1187, 1194 (Miss.2003):
[T]he remedy clause, Miss. Const, art. 3, § 24, does not conflict with sovereign immunity, does not require exceptions to sovereign immunity and does not grant an absolute guarantee of a trial.
Id. at 1194 (citing Gentry v. Wallace, 606 So.2d 1117 (Miss.1992) (overruled on other grounds by Jenkins v. Pensacola Health Trust, Inc., 933 So.2d 923, 926 (Miss. 2006))); see also Robinson v. Stewart, 655 So.2d 866 (Miss.1995).
¶ 49. Accordingly, this assignment of error is without merit.[3]
*528 X. WHETHER THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN ITS AUGUST 20, 2007, ORDER.
¶ 50. Price appeals the trial court’s August 20, 2007, final order granting summary judgment in favor of Dr. Clark and Cleveland Medical Clinic, PLLC. The trial court ultimately found that Price was unable to show any negligible acts by Dr. Clark (and thus his employer) from October 1, 2003, through January 81, 2004; therefore, the trial court granted summary judgment to the defendants based on Price’s expert declining to offer an opinion that Dr. Clark had deviated from the standard of care at any point after September 9, 2003. While Price has appealed the trial court’s August 20, 2007, Order Granting Summary Judgment, she has not briefed any arguments showing any issue of material fact that Dr. Clark deviated from the standard of care during the time period he was not subject to MTCA immunity. Tupelo Redevelopment Agency v. Gray Corp., 972 So.2d 495, 517 (Miss.2007) (failure to cite authority in support of claims of error precludes appellate review of those claims) (citing Grey v. Grey, 638 So.2d 488, 491 (Miss.1994)) (other citations omitted).
¶ 51. Thus, we find no merit in the appeal of the August 20, 2007, Order.
XI. WHETHER THE TRIAL COURT ERRED IN NOT DISMISSING ALL CLAIMS AGAINST DEFENDANTS STEVEN CLARK AND CLEVELAND MEDICAL CLINIC, PLLC, WITH PREJUDICE.
¶ 52. Dr. Steven Clark and Cleveland Medical Clinic, PLLC, cross-appeal the trial court’s August 28, 2006, order denying their Motion to Amend Judgment and the March 19, 2007, Amended Order Granting Summary Judgment on the basis that the trial court erred in not dismissing all claims against them with prejudice. As previously discussed, this Court found that the trial court erroneously dismissed the MTCA defendants with prejudice.
¶ 53. The defendants now argue that the two-year statute of limitations pursuant to Section 15-1-36, even with the sixty-day tolling effect of the notice-of-claim letters, expired on June 8, 2006. In essence, the defendants again argue that no tolling effect for the purposes of Section 15-1-36 should have been given to the original complaint, because the sixty-day notice requirement was violated. As previously stated, this Court has found no precedent that supports this premise. Despite the fact that Price filed her claim only one day after sending her notice-of-claim letters, the proper remedy was dismissal without prejudice because the claim, albeit in violation of the sixty-day notice requirement, did serve to toll the two-year statute of limitations until the trial court dismissed the claims against Dr. Clark and Cleveland Medical Clinic without prejudice on July 24, 2006. We find no error on the part of the trial court in doing so. Accordingly, the defendants’ cross-appeal is without merit.
XII.WHETHER THE TRIAL COURT ERRED IN ALLOWING PRICE TO FILE A THIRD AMENDED COMPLAINT.
¶ 54. Drs. Austin, Wright, and Sullivan, and Cleveland Medical Clinic, Ltd., and *529 Cleveland Clinic, P.A., cross-appeal the trial court’s July 24, 2006, order granting Price leave to file her third amended complaint on the basis that it was improvidently granted. The trial court’s July 24, 2006, order cites Rule 15(a) of the Mississippi Rules of Civil Procedure, which states, in pertinent part, “leave shall be freely given when justice so requires.” Thus, leave to amend was properly granted, given that to deny it would deny a plaintiff recourse where an argument could be made that the substituted parties in the amended complaint related back to the fictional parties in the original complaint. Accordingly, this issue is without merit.
CONCLUSION
¶ 55. We affirm in part and reverse in part the trial court’s Order Granting Partial Summary Judgment entered on July 24, 2006, and the Amended Order entered on March 19, 2007. We affirm the dismissal without prejudice of Dr. Clark and Cleveland Medical Clinic, PLLC, for want of statutory notice of claim pursuant to Section 15-1-36(15). We reverse the trial court’s dismissal with prejudice of all claims against the MTCA defendants, Cleveland Medical Alliance, LLP, and Dr. Steven Clark for his periods of employment with Cleveland Medical Alliance, LLP and Cleveland Medical Clinic, a service of Delta Regional Medical Center, based on our finding that the one-year statute of limitations should have been tolled upon the filing of the August 31, 2004, complaint until such time as the trial court issued its ruling in July 2006.
¶ 56. We also affirm the Amended Order in part as to the dismissal with prejudice of all claims against Defendants Samuel Duff Austin, M.D.; Bennie Barnette Wright, Jr., M.D.; Estate of Barry Stephen Sullivan, M.D.; Cleveland Medical Clinic, Ltd.; and Cleveland Clinic, P.A.; as set forth in the third amended complaint, because the statute of limitations for both the MTCA and Section 15-1-36 had run prior to Price filing the June 26, 2006, third amended complaint. Finally, this Court affirms the trial court’s Order Granting Summary Judgment entered on August 20, 2007, in favor of Dr. Steven Clark and Cleveland Medical Clinic, PLLC, dismissing all remaining claims in Price’s third amended complaint for conduct that occurred between October 1, 2003, and January 31, 2004, on the basis that Price’s expert was unable to establish any genuine issue of material fact that Dr. Steven Clark had breached the standard of care during this time period. Price failed to make any argument before this Court that any issue of material fact existed under Rule 56(c) of the Mississippi Rules of Civil Procedure that Dr. Clark and Cleveland Medical Clinic, PLLC, had deviated from the standard of care during the time period of October 1, 2003, through January 31, 2004.
¶ 57. The cross-appeal by Dr. Clark and Cleveland Medical Clinic, PLLC, of the trial court’s August 28, 2006, order denying their motion to amend judgment and the March 19, 2007, amended order granting summary judgment is without merit in light of our holding that the trial court did not err in dismissing the Section 15-1-36 claims without prejudice. Accordingly, we affirm the August 2006 and March 2007 orders in part as to this issue.
¶ 58. As to the cross-appeal by Drs. Austin, Wright, and Sullivan, Cleveland Medical Clinic, Ltd., and Cleveland Medical P.A. of the July 21, 2006, Order Granting Motion to Amend, we find that the trial court’s permitting Price to file the third amended complaint was not an abuse of discretion inasmuch as the trial court’s order granting leave to amend comported with Rule 15(a) of the Mississippi Rules of *530 Civil Procedure. Accordingly, on cross-appeal we affirm the trial court’s July 2006 order.
¶ 59. ON DIRECT APPEAL: AFFIRMED IN PART AND REVERSED AND REMANDED IN PART. ON CROSS-APPEAL: AFFIRMED.
WALLER, C.J., DICKINSON, LAMAR AND PIERCE, JJ., CONCUR. DICKINSON, J., CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY WALLER, C.J., CARLSON, P.J., AND LAMAR, J. GRAVES, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KITCHENS AND CHANDLER, JJ.; RANDOLPH, J., JOINS IN PART. RANDOLPH, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION.

. It was later determined that Providence Healthcare was improperly identified, and that the proper name of the corporate entity that owned Bolivar Medical Center was PHC-Cleveland, Inc.

. Price actually filed two complaints on August 31, 2004. The second complaint was filed in the same cause number and added one additional defendant, Dr. Ravi Pande. The record reveals that the second complaint was intended as a substitute for the first complaint. Both complaints will be referred to collectively as the "original complaint.”

. In her Appellant’s Combined Reply and Response Brief for Appellants/Cross-Appellees, Price asserted that the MTCA is unconstitutional, which prompted the Appellees to file a Motion to Strike New Arguments on Appeal. By single justice order, this motion was passed for consideration on the merits of this appeal. We note that this Court has been consistent in holding that, especially when constitutional questions are raised for the first time on appeal, we will not consider the merits of such issues. Stockstill v. State, 854 So.2d 1017, 1023 (Miss.2003). When the constitutionality of a statute is called into question, it should be done at the trial court level so that the Attorney General may be given proper notice pursuant to Mississippi Rule of Civil Procedure 24(d). Cockrell v. Pearl River Valley Water Dist., 865 So.2d 357, 360 (Miss.2004) (citing Barnes v. Singing River Hosp. Sys., 733 So.2d 199, 202-03 (Miss. 1999)). See also Williams v. Skelton, 6 So.3d 428, 429-30 (Miss.2009) (citing Alexander v. Daniel, 904 So.2d 172, 183 (Miss.2005)). *528 However, it appears that Price’s issue raised in her Reply Brief is merely an extension of the issue raised in her original Appellant's Brief filed with this Court. Thus, we are satisfied that our discussion of Issue IX adequately addresses the issue as initially couched in Price’s original Appellant’s Brief filed with this Court. Accordingly, we have this day entered an order dismissing as moot the Appellees’ Motion to Strike new Arguments on Appeal.