# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2013-IA-01095-SCT

*TALLAHATCHIE GENERAL HOSPITAL;
TALLAHATCHIE GENERAL HOSPITAL
EXTENDED CARE FACILITY AND BARBARA
CRISWELL, FNP*

*v.*

*SUSAN EDWARDS HOWE AND WAYNE
EDWARDS, WRONGFUL DEATH
BENEFICIARIES OF MYRTICE EDWARDS,
DECEASED*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/30/2013 |
| TRIAL JUDGE: | HON. JAMES MCCLURE, III |
| TRIAL COURT ATTORNEYS: | ALAN D. LANCASTER |
| | GAYE NELL CURRIE |
| COURT FROM WHICH APPEALED: | TALLAHATCHIE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | GAYE NELL CURRIE |
| | REX M. SHANNON, III |
| ATTORNEYS FOR APPELLEES: | ALAN D. LANCASTER |
| | J. RYAN TAYLOR |
| | WILLIAM LISTON |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | AFFIRMED - 01/08/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**LAMAR, JUSTICE, FOR THE COURT:**

¶1.     Tallahatchie General Hospital ("TGH") moved to dismiss a medical malpractice claim

because the plaintiffs failed to provide it with proper presuit notice before the expiration of

the one-year statute of limitations. The trial court denied the motion, finding that the filing of the complaint tolled the statute of limitations, despite the plaintiffs' failure to provide proper presuit notice. We agree with the trial court and affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     Myrtice Edwards died at TGH on June 9, 2007. On October 17, 2007, Edwards's wrongful-death beneficiaries (hereinafter "Howe") provided a Notice of Claim to the Tallahatchie County Chancery Clerk and to the Tallahatchie County attorney. But Howe did not provide notice to TGH's chief executive officer (CEO), Bobby Joe Brunson, as required by Mississippi Code, Section 11-46-11(1)-(2).[1]  On June 2, 2008, Howe sued TGH for medical malpractice, and she served Brunson with a copy of the complaint.[2]

¶3.     TGH moved to dismiss the complaint, arguing that Howe had failed to provide its CEO with presuit notice, and that her complaint was now barred by the one-year statute of limitations. *Tallahatchie Gen. Hosp. v. Howe*, 49 So. 3d 86, 89 (Miss. 2010). The trial court denied the motion, finding that Howe had "substantially complied" with the notice statute. *Id.* at 89-90. This Court granted TGH's petition for interlocutory appeal. *Id.* at 90.

¶4.     On appeal, this Court reversed the trial court's order, finding that Howe's "substantial compliance" was insufficient. *Id.* at 90-92. But this Court declined to offer an "advisory opinion" on whether the statute of limitations had run, finding that that issue was "'premature

---

[1] Bobby Joe Brunson did receive a copy of the Notice of Claim served on the Tallahatchie County Chancery Clerk on or about November 27, 2007.

[2] Edwards's wrongful-death beneficiaries also sued Tallahatchie General Hospital Extended Care Facility and Barbara Criswell.

and not ripe for appellate review." *Id.* at 93 (citation omitted). This Court remanded the case to the trial court with orders to enter a judgment "consistent with" its opinion. *Id.*

¶5. On remand, the trial court – relying on *Price v. Clark*, 21 So. 3d 509, 522 (Miss. 2009) – dismissed Howe's complaint *without* prejudice, finding that "a properly served complaint, albeit a complaint that is wanting of proper pre-suit notice, should still serve to toll the statute of limitations until there is a ruling from the trial court." The trial judge entered his order of dismissal on March 4, 2011. On March 5, 2011, Howe served a Notice of Claim on TGH's CEO, and TGH denied Howe's claims via letter on March 18, 2011. On March 23, 2011, Howe filed her second complaint, and it was timely served on TGH's CEO.

¶6. TGH moved to dismiss the second complaint with prejudice, arguing that, because "[n]o notice as required by the [Mississippi Tort Claims] Act was provided to Tallahatchie General Hospital within one year after the date of Ms. Edwards' death" . . . "the sovereign immunity of Tallahatchie General Hospital and its employees has not been waived" and . . . the "Plaintiffs have no right of action against these Defendants." The trial court again denied TGH's motion, and this Court again granted TGH's petition for interlocutory appeal.

## ANALYSIS

### I. Standard of Review

¶7. The proper application of the Mississippi Tort Claims Act ("MTCA") is a question of law which this Court reviews *de novo*. *Howe*, 49 So. 3d at 90. A *de novo* standard of review also is employed when reviewing a trial court's grant or denial of a motion to dismiss. *Spencer v. State*, 880 So. 2d 1044, 1045 (Miss. 2004).

### II. Howe's first complaint tolled the statute of limitations until the trial court ruled.

3

¶8.    "'The basic principle of sovereign immunity is that the 'king can do no wrong.'"

*Howe*, 49 So. 3d at 90 (quoting *Mohundro v. Alcorn County*, 675 So. 2d 848, 852 (Miss.

1996)).  So the "State is free from any liabilities unless it carves an exception," and these

exceptions are found in tort claims acts.  *Howe*, 49 So. 3d at 90.  In Mississippi, the State has

waived its immunity and the immunity of its political subdivisions "from claims for money

damages arising out of the torts of such governmental entities and the torts of their employees

while acting within the course and scope of their employment" through the provisions of the

MTCA.  Miss. Code Ann. § 11-46-5(1) (Rev. 2012).

¶9.    The MTCA provides the exclusive civil cause of action against a governmental entity,

and "any claim made or suit filed against a governmental entity or its employee to recover

damages for any injury for which immunity has been waived under [the MTCA] shall be

brought only under the provisions of [the MTCA]."  Miss. Code Ann. § 11-46-7(1).

Specifically, a plaintiff suing a governmental entity "must file a notice of claim with the chief

executive officer of the governmental entity" at least ninety days before filing his or her

complaint. Miss. Code Ann. § 11-46-11(1).  Plaintiffs also must file their complaint within

one year of the "tortious, wrongful or otherwise actionable conduct."  Miss. Code Ann. § 11-

46-11(3)(a).  The one-year statute of limitations is tolled for ninety-five days when a notice

of claim is filed with the appropriate party before the expiration of the one-year period.  *Id.*

¶10.    TGH is a community hospital in Tallahatchie County, Mississippi, and therefore is a

"political subdivision" of the State."  *Howe*, 49 So. 3d at 91.  Accordingly, Howe is "subject

4

to the notice requirements and statutes of limitations provided in Mississippi Code Section 11-46-11." *Id.* Here, it is undisputed that:

1.  Howe provided a Notice of Claim to the Tallahatchie County Chancery Clerk and to the Tallahatchie County attorney on October 17, 2007. She failed to provide notice to TGH's CEO;
2.  Howe filed and served her first complaint on June 2, 2008;
3.  Howe's first complaint was dismissed because she failed to provide TGH with proper presuit notice;
4.  Unless it was tolled, the one-year limitation period for Howe's claim would have expired on June 9, 2008; and
5.  Howe did not give TGH proper presuit notice until March 5, 2011.

¶11.    So the sole issue in this case is whether the one-year statute of limitations was tolled on June 2, 2008, when Howe filed her first complaint, despite not having given TGH proper presuit notice. This Court previously addressed this exact issue in *Price v. Clark*, 21 So. 3d 509 (Miss. 2009). There, the plaintiff sued several medical providers subject to the MTCA for failing to timely diagnose her husband with a pituitary tumor. *Id.* at 512-13. The plaintiff filed her complaint well before the one-year statute of limitations expired, but also before she provided the MTCA defendants with proper presuit notice. *Id.* at 514; 521. The trial court ultimately dismissed the complaint for failure to provide proper presuit notice and gave it no legal effect. *Id.* at 521. The trial court concluded that the complaint had no tolling effect and that the plaintiff's MTCA claims were therefore time-barred, and he dismissed the complaint with prejudice. *Id.*

¶12.    On appeal, this Court reversed, holding that "a properly served complaint – albeit a complaint that is wanting of proper pre-suit notice – should still serve to toll the statute of limitations until there is a ruling from the trial court." *Id.* at 522. This Court concluded its analysis of the issue by stating: "Because Price failed to comply with the requisite notice

5

requirements, dismissal was the proper remedy; however, the trial court erred in dismissing these defendants with prejudice, given that the complaint served to toll the statute of limitations until the trial court's July 2006 ruling." ***Id.***

¶13.    As in ***Price***, Howe filed a complaint before the expiration of the one-year statute of limitations.  So the statute of limitations was tolled until the trial court dismissed her case without prejudice for her failure to provide TGH with proper presuit notice.  The day after her case was dismissed, Howe provided TGH with proper presuit notice, thereby tolling the limitation period again.  TGH denied Howe's claims quickly, and she timely and properly filed and served her second complaint.  For the foregoing reasons, we affirm the trial court's order denying TGH's motion to dismiss.

## CONCLUSION

¶14.    Filing a complaint tolls the one-year statute of limitations under the MTCA.  Howe's second presuit notice was proper, and she filed her second complaint within the time remaining under the statute of limitations.  We therefore affirm the Tallahatchie Circuit Court's decision to deny TGH's motion to dismiss.

¶15.    **AFFIRMED.**

**WALLER, C.J., DICKINSON, P.J., KITCHENS, CHANDLER, PIERCE, KING AND COLEMAN, JJ., CONCUR.  RANDOLPH, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**