988 So.2d 399 (2008)
Charles Stephen ANDREWS II, Appellant
v.
Salvador ARCEO, M.D. and Karen B. Shackleford, M.D., Appellees.
No. 2007-CA-01390-COA.
Court of Appeals of Mississippi.
July 22, 2008.
*400 M. Judith Barnett, attorney for appellant.
James A. Becker, Anastasia G. Jones, Jackson, attorneys for appellees.
Before MYERS, P.J., IRVING and CARLTON, JJ.
IRVING, J., for the Court.
¶ 1. This appeal arises from a medical malpractice suit filed by Charles Stephen Andrews II against Drs. Salvador Arceo and Karen B. Shackleford. Following discovery, the Rankin County Circuit Court granted summary judgment on behalf of Dr. Arceo.[1] Aggrieved, Andrews appeals and asserts that the court erred in finding that Andrews failed to give proper notice to Dr. Arceo and in dismissing the case with prejudice.
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. On August 13, 2004, Andrews was involved in a motorcycle accident. Thereafter, Andrews was taken to the hospital and treated by Dr. Arceo for injuries to his knee. The parties dispute whether Andrews was given proper discharge instructions. In any event, Andrews was discharged and subsequently had problems with his knee.
¶ 4. Mississippi Code Annotated section 15-1-36(15) (Rev.2003) states:
No action based upon the health care provider's professional negligence may be begun unless the defendant has been given at least sixty (60) days' prior written notice of the intention to begin the action. No particular form of notice is required, but it shall notify the defendant of the legal basis of the claim and the type of loss sustained, including with *401 specificity the nature of the injuries suffered.
Andrews initially filed suit against Dr. Shackleford and Dr. Andrew Anfanger on March 7, 2006. It is undisputed that, prior to the filing of this suit, Andrews gave Drs. Shackleford and Anfanger proper notice under section 15-1-36(15).
¶ 5. On May 2, 2006, Andrews received two letters. One was from James A. Becker, Dr. Anfanger's attorney, and the other was from Dr. Anfanger himself. The letters informed Andrews that, although Dr. Anfanger's name appeared as the admitting physician on Andrews's medical records, Dr. Anfanger had, in fact, not treated Andrews. Dr. Anfanger's letter went on to explain that Dr. Arceo was the doctor who had seen Andrews that evening.
¶ 6. On May 16, Andrews filed a motion indicating that he was going to amend his complaint to substitute Dr. Arceo for Dr. Anfanger. However, no substitution was ever made to the original complaint. Instead, on July 3, 2006, Andrews dismissed the original complaint and filed a new complaint against Dr. Shackleford, Dr. Arceo, and a number of John Does. In his brief, Andrews contends that Dr. Arceo was merely substituted for a John Doe contained in his initial complaint. However, the initial complaint filed by Andrews did not list any John Does. Therefore, there was no way that Dr. Arceo could have been merely substituted for a John Doe. Furthermore, the record indicates that an entirely new complaint was filed, rather than a mere substitution. Andrews has admitted that Dr. Arceo was not given written notice of Andrews's intent to sue within sixty days as required by section 15-1-36(15).
¶ 7. The circuit court granted summary judgment on behalf of Dr. Arceo due to Andrews's failure to give the notice required by section 15-1-36(15). Additional facts will be related as necessary during our analysis and discussion of the issues.

ANALYSIS AND DISCUSSION OF THE ISSUES

1. Whether Section 15-1-36(15) Was Satisfied
¶ 8. Andrews presents three arguments as to why section 15-1-36(15) was satisfied. First, Andrews argues that the section does not apply to Dr. Arceo. Second, Andrews contends that, even if the section does apply to Dr. Arceo, notice was given through Dr. Arceo's attorney. Finally, Andrews argues that Dr. Arceo waived the issue of notice when he made a general appearance before the court and filed various documents. We will address each of these contentions separately below.

a. Whether Section 15-1-36(15) Applies to Dr. Arceo
¶ 9. Despite Andrews's contention to the contrary, we find that section 15-1-36(15) applies to Andrews's suit against Dr. Arceo. Andrews relies on the following language in the statute: "This subsection shall not be applicable with respect to any defendant whose name is unknown to the plaintiff at the time of filing the complaint and who is identified therein by a fictitious name." Miss.Code Ann. § 15-1-36(15).
¶ 10. We note at the outset that no fictitious names, such as John Doe, were used in Andrews's initial complaint. Certainly, Dr. Arceo was not identified in the initial complaint under any fictitious name. Furthermore, a careful reading of Andrews's medical records would have revealed Dr. Arceo's name. Although Dr. Arceo was not listed as the treating physician on Andrews's intake form, his name was listed in Andrews's medical records as *402 an examining physician. It is clear that a careful reading of Andrews's medical records would have revealed Dr. Arceo as a potential treating physician. Therefore, Dr. Arceo's name should have been known to Andrews prior to the filing of his suit. We find that Dr. Arceo was entitled to the notice contemplated by section 15-1-36(15).

b. Whether Notice Was Given
¶ 11. Andrews next contends that notice should essentially be imputed to Dr. Arceo because Dr. Arceo's attorney knew about the lawsuit prior to it being filed against Dr. Arceo. This is so because Dr. Arceo was represented by the same attorney who had represented Dr. Anfanger. Therefore, Andrews contends that Dr. Arceo should be considered to have had notice as of May 2, 2006, when Andrews received the letter informing him that Dr. Arceo was the proper defendant for his lawsuit.
¶ 12. There are two problems with Andrews's reasoning. First, the attorney, Becker, provided an affidavit stating that he was not employed as Dr. Arceo's attorney until June 23, 2006. Therefore, even were we to accept that notice under the statute could be gained in such a way, that would not have happened until June 23, significantly less than sixty days before Andrews filed suit against Dr. Arceo. Second, the statute clearly states that "written notice" is required. There is no indication that any form of written notice, by Andrews or Becker, was ever given to Dr. Arceo. Therefore, the requirements of section 15-1-36(15) were not met.

c. Whether There Was Waiver of Notice
¶ 13. We find that Dr. Arceo did not waive the issue of notice under section 15-1-36(15) when he appeared before the court and filed various motions and discovery. In fact, Dr. Arceo's initial answer to Andrews's complaint specifically pointed out that the requirements of section 15-1-36(15) had not been satisfied.
¶ 14. It was Andrews's responsibility to give notice to Dr. Arceo before filing suit against him. The statute of limitations in this case did not run until August 16, 2006, at the latest.[2] Although notice has to be filed sixty days prior to the filing of a medical malpractice lawsuit, section 15-1-36(15) suspends the statute of limitations for sixty days when such notice is filed within sixty days prior to the running of the statute of limitations. Therefore, had Andrews provided Dr. Arceo on July 3, 2006, with a written notice of intent to file suit against him instead of filing a complaint on that date, the statute of limitations would have been extended until October 17, which would have given Andrews adequate time to both file suit and to provide notice as required under section 15-1-36(15).
¶ 15. The Mississippi Supreme Court has held that requirements such as the one in section 15-1-36(15) are to be taken seriously. For example, in Walker v. Whitfield Nursing Center, Inc., 931 So.2d 583, 591-92 (¶¶ 31-34) (Miss.2006), the Mississippi Supreme Court found that a plaintiff's failure to include a certificate as required under Mississippi Code Annotated section 11-1-58[3] was fatal to her claim, *403 despite the fact that discovery had been engaged in and appearances had been made by the defendant. Similarly, in Arceo v. Tolliver, 949 So.2d 691, 696-97 (¶¶ 11-15) (Miss.2006), the Mississippi Supreme Court upheld the dismissal of a plaintiff's case for her failure to properly comply with the notice requirement found in section 15-1-36(15). We also find that Andrews's failure to provide notice to Dr. Arceo was properly fatal to the continuation of his lawsuit.
¶ 16. This contention of error is without merit.

2. Whether Dismissal of Lawsuit With Prejudice Was Proper
¶ 17. Andrews contends that his lawsuit should not have been dismissed with prejudice. He argues that he could have filed a new complaint against Dr. Arceo anytime before May 2, 2008, two years after he received the letter informing him that Dr. Anfanger was not the treating physician he saw at the hospital. As we have already discussed, Dr. Arceo's identity as a physician involved with Andrews's treatment was disclosed in Andrews's medical records. In fact, it is apparent from the time cited by Dr. Anfanger, 16:10, that Dr. Anfanger retrieved Dr. Arceo's name from the same medical records that were available to Andrews. Therefore, the statute of limitations for Andrews's lawsuit properly began to run on August 16, 2004, at the latest.
¶ 18. As support, Andrews cites section 15-1-36(2) of the Mississippi Code Annotated, which provides a two-year statute of limitations for medical malpractice claims. The section also states: "[If] the cause of action shall have been fraudulently concealed..., the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence should have been, first known or discovered." Miss.Code Ann. § 15-1-36(2) (Rev.2003). Andrews then implies that the appearance of Dr. Anfanger's name on his intake form constituted a fraud that would have prevented the statute of limitations from starting to run until May 2, 2006.
¶ 19. Andrews has presented absolutely no evidence of a fraud. If Dr. Arceo intended to defraud Andrews, he did a poor job, as his name clearly remained available in Andrews's medical records as a physician involved with Andrews's medical treatment. Andrews has failed to prove a fraud that would have delayed the commencement of the running of the statute of limitations. Accordingly, the court acted properly in granting summary judgment with prejudice on behalf of Dr. Arceo.
¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] The circuit court entered a final judgment only as to Dr. Arceo. The judgment was entered pursuant to Rule 54(b) of the Mississippi Rules of Civil Procedure, as the court determined that there was no just reason for delay. Therefore, the appeal before us concerns only Dr. Arceo.
[2] The earliest the statute of limitations could have begun to run was August 16, 2004, when Andrews experienced complications after his release from the hospital. The statute of limitations for such a medical malpractice action is two years. Miss.Code Ann. § 15-1-36(2) (Rev.2003).
[3] Section 11-1-58(1) requires: "In any action against a licensed physician, health care provider or health care practitioner for injuries or wrongful death ... the complaint shall be accompanied by a certificate executed by the attorney for the plaintiff declaring that" the attorney has consulted with an expert and that, based on the consultation, "there is a reasonable basis for the commencement of such action." Miss.Code Ann. § 11-1-58(1)(a) (Supp.2007).