WALLER, Chief Justice,
for the Court.
¶ 1. Salvador Arceo, M.D., and St. Dominic-Jackson Memorial Hospital seek review of the second dismissal without prejudice of Myrtis Tolliver’s medical malpractice claim for failure to comply with the notice provisions of Mississippi Code Section 15-1-36(15).
FACTS AND PROCEDURAL HISTORY
¶2. This is the second appearance of these parties before this Court. Arceo v. Tolliver, 949 So.2d 691 (Miss.2006) (“Tol-liver I ”). As in that first appearance on interlocutory appeal, this appeal deals with interpretation and application of the notice requirement for initiation of medical malpractice suits pursuant to Mississippi Code Section 15-1-36.
¶ 3. On July 9, 2002, Tommie C. Tolliver (“Tommie”), daughter of Appellee Myrtis Tolliver (“Tolliver”), was seen and evaluated in the emergency room at St. Dominic-Jackson Memorial Hospital. Tolliver I, 949 So.2d at 692.[1] Over the course of several days, Tommie was treated by Dr. Salvador Arceo and various hospital employees for meningococcal meningitis and sepsis. Id. On July 13, 2002, Tommie died. Id.
¶4. On June 4, 2004, Tolliver filed a complaint for medical malpractice and negligence against Dr. Arceo and John and Jane Doe defendants in Hinds County Circuit Court. Id. Tolliver filed a first amended complaint on June 25, 2004, and on July 23, 2004, filed a second amended complaint.[2] Id. Tolliver failed to provide the notice required by Mississippi Code Section 15-1-36(15) prior to the filing of these complaints. Id. at 693, Miss.Code Ann. § 15-1-36(15) (Rev.2003).
¶ 5. Dr. Arceo filed a motion to dismiss, or in the alternative, for summary judgment, which the trial court denied. Id. Thereafter, Dr. Arceo and St. Dominic petitioned this Court for interlocutory appeal, which was granted. Id. This Court *70 reversed the trial court’s denial of the motion to dismiss, or in the alternative, for summary judgment, and rendered judgment in favor of Dr. Arceo and St. Dominic, dismissing Tolliver’s second amended complaint without prejudice for failure to provide the required pre-suit notice.[3] Id. at 697-98. The Clerk of the Supreme Court issued a mandate dismissing the original action without prejudice on March 15, 2007.
¶ 6. On February 28, 2007, approximately two weeks before the mandate issued, Tolliver forwarded letters to Dr. Arceo and St. Dominic, which read, “This letter is being sent pursuant to Section 15-1-36(15) of the Mississippi Code of 1972, as amended. This letter is to inform you of our intention to file suit on behalf of Tommie Tolliver. The basis of the suit is negligence.” The letter closed with an invitation to discuss an amicable settlement. On May 9, 2007, Tolliver filed another complaint, initiating the present action (“Tol-liver II ”).
¶ 7. Dr. Arceo and St. Dominic again filed a motion for summary judgment with prejudice for Tolliver’s failure once again to comply with the statutory notice requirements and/or running of the statute of limitation. The trial court heard oral argument on the motion for summary judgment and thereafter entered an order dismissing Tolliver’s lawsuit without prejudice. The trial court found the contents of Tolliver’s February 28, 2007, notice to Dr. Arceo and St. Dominic did not substantially comply with the statutory requirements of Section 15-1-36(15). The trial court further found the statute of limitation had not expired, and that the savings statute applied, and declined to dismiss the cause with prejudice.
¶ 8. Aggrieved that summary judgment was not granted with prejudice, Dr. Arceo and St. Dominic timely perfected appeal to this Court. Dr. Arceo and St. Dominic assert four issues on appeal, which we paraphrase for brevity as: (1) whether the trial court erred in entering summary judgment without prejudice; (2) where the only issue was noncompliance with Mississippi Code Section 15-1-36, did the trial court err in applying a substantial-compliance standard; (3) whether the statute of limitation has expired; and (4) does the Mississippi “savings statute” apply to this matter.[4]
DISCUSSION[5]
I. Whether the trial court erred in applying the substantial-compliance standard to the contents of a medical negligence statutory notice.
¶ 9. The standard of review for questions of law is de novo. Powe v. Byrd, 892 So.2d 223, 227 (Miss.2004). Statutory interpretation is a question of law subject to de novo review. Sheppard v. Miss. State Highway Patrol, 693 So.2d 1326, 1328 (Miss.1997).
*71 ¶ 10. Mississippi Code Section 15 — 1— 36(15) expressly requires a plaintiff to provide a defendant written notice of the intent to begin an action, and said notice must include the legal basis of a medical negligence claim and the type of loss sustained, including with specificity the nature of the injuries suffered. Miss.Code Ann. § 15-1-36(15) (Rev.2003). This notice must be provided sixty days in advance of filing a lawsuit. Id.
¶ 11. Dr. Arceo and St. Dominic maintain that, although the circuit court reached the right result, dismissal, the court erred by applying a substantial compliance standard to determine whether the content of Tolliver’s February 28, 2007, notice conformed to the statutory requirements. According to Dr. Arceo and St. Dominic, because Tolliver left out an entire category of information required by Section 15-1-36(15), namely “the type of loss sustained, including with specificity the nature of the injuries suffered,” the issue was simply compliance or noncompliance.
¶ 12. Tolliver argues that, under the facts of this case, a notice letter was not required. Specifically, Tolliver argues that because Dr. Arceo and St. Dominic were served with the complaint in Tolliver I, the first and second amended complaints in Tolliver II, and post-filing notice letters and engaged in over two years of litigation, Dr. Arceo and St. Dominic are fully aware of the legal bases of the claim and the type of loss sustained, including the nature of the injuries suffered. Therefore, she argues, any further written notice would be moot. Tolliver alternatively argues that, even if notice was required before the filing of Tolliver II, the notice actually given was adequate under the circumstances.
¶ 13. As was fully discussed by this Court in Tolliver I, the statutory requirement of sixty days’ written notice before filing a medical negligence suit is mandatory. Quoting Pitalo v. GPCH-GP, Inc., 933 So.2d 927 (Miss.2006), we stated that the Mississippi Legislature did not include any exceptions to the rule which would preter-mit the written-notice prerequisite. Tolliver I, 949 So.2d at 695 (quoting Pitalo, 933 So.2d at 928-29). In the absence of any exceptions to the mandatory requirement, Tolliver’s argument that circumstances dictate when or if written notice is required is without merit.
¶ 14. Nor is there any language in the statute which arguably could be construed to say that notice is not required when filing a second suit after dismissal of a first on the same cause of action. The language of the statute is unambiguous: “No action based upon the healthcare provider’s professional negligence may be begun unless the defendant has been given at least sixty (60) days’ prior written notice of the intention to begin the action.” Miss. Code Ann. § 15-1-36(15) (Rev.2003). The statute’s notice requirement is not limited to the first filed action, but applies to all. Tolliver’s assertion that no notice was required in this case is without merit.
¶ 15. With respect to the information which must be included in the prelitigation written notice, the statute states, “No particular form of notice is required, but it shall notify the defendant of the legal basis of the claim and the type of loss sustained, including with specificity the nature of the injuries suffered.” Miss.Code Ann. § 15-1-36(15) (Rev.2003).
¶ 16. This Court repeatedly has applied the same standards of construction and application to the Medical Malpractice Tort Reform Act as those applied to the Mississippi Tort Claims Act (“MTCA”). See, e.g., Thomas v. Warden, 999 So.2d 842 (Miss.2008) (quoting Wimley v. Reid, 991 So.2d 135 (Miss.2008)); Tolliver I, 949 *72 So.2d at 696 (citing Univ. of Miss. Med. Ctr. v. Easterling, 928 So.2d 815, 820 (Miss.2006)). Therefore, we look to this body of law for clarity.
¶ 17. Like the Medical Malpractice Tort Reform Act, the MTCA requires written notice of a claim in advance of the filing of a lawsuit, a requirement which also is strictly applied. Easterling, 928 So.2d at 820-21. Where a claimant does provide written notice, we have adhered to the principle that substantial compliance is the standard for analyzing the contents of the notice to determine its sufficiency. Lee v. Mem’l Hosp. at Gulfport, 999 So.2d 1263 (Miss.2008); Thomas v. Warden, 999 So.2d 842; Tolliver I, 949 So.2d at 696-97 & n. 5. Sufficient information must be contained in the notice to permit the recipient to make a reasonable investigation of the claims being made. Lee, 999 So.2d at 1267.
¶ 18. Dr. Arceo and St. Dominic assert that Tolliver failed to include in her notice “the type of loss sustained, including with specificity the nature of the injuries suffered,” one of the statute’s designated categories of notice information. Tolliver does not dispute her notice failed to include this information, but rather argues again that, given the more than two years of litigation, neither Dr. Arceo nor St. Dominic legitimately can claim unawareness of the claimed loss and injuries suffered. She also claims that such information was unnecessary.
¶ 19. The statute does not provide an exception to notice requirements for medical negligence cases in which a defendant may have actual notice of the particulars of a claim, nor does it provide a mechanism by which such an inquiry arguably could be made. The statute makes notice, with the required content, mandatory. This Court previously has rejected the argument that actual notice of a claim and its details obviates the necessity of written notice under the MTCA. See South Cent. Reg’l Med. Ctr. v. Guffy, 930 So.2d 1252 (Miss.2006) and Fairley v. George Co., 871 So.2d 713 (Miss.2004). This assertion is therefore without merit.
¶ 20. Just as there are no exceptions to providing notice vel non, there are no exceptions to the requirement that notices provide information sufficient to fulfill the statutory notice purposes. The mandatory nature of the notice requirement is such that what the recipient may or may not actually have known is irrelevant.
¶ 21. With that framework in mind, it is readily apparent Tolliver’s February 28, 2007, notice did not comply with the statute’s requirements. Merely advising a medical practitioner of the intent to sue for negligence in no way satisfies the legislative requirement as enacted. The notice did not include any description of the alleged injuries and/or the type of loss sustained, as required by the statute. It stated only that Tolliver intended to file a negligence lawsuit.
¶ 22. We therefore conclude dismissal was appropriate, and the trial court’s application of the substantial-compliance standard to the contents of Tolliver’s February 28, 2007, notice was correct.
II. Whether Tolliver’s February 28, 2007, notice triggered the sixty-day statute of limitation tolling period under Mississippi Code Section 15-1-36(15).
¶ 23. Tolliver sent a notice to Dr. Arceo and St. Dominic on February 28, 2007. She argues the statute of limitation was tolled for sixty days as of February 28, 2007, such that her complaint filed on May 9, 2007, was within the remaining time (with tolling) of the statute of limitation.
*73 ¶24. The medical negligence statute does provide for a sixty-day tolling period once notice has been given. Miss.Code Ann. § 15-1-36(15) (Rev.2003). However, we previously have noted that statutory pre-suit-notice tolling provisions are contingent upon complying with the notice requirements. See Andrews v. Arceo, 988 So.2d 399, 402 (Miss.App.2008) (“Therefore, had Andrews provided Dr. Arceo ... with a written notice of intent to file suit against him ... the statute of limitations would have been extended....”) and Scaggs v. GPCH-GP, Inc., 931 So.2d 1274, 1277 (Miss.2006) (“... this Court finds whenever a plaintiff files the statutorily required sixty days of notice, the time to file an action is effectively extended by sixty days.”)
¶ 25. In this case, the cause of action accrued no later than the death of Tolliver’s daughter, July 13, 2002. In that event, the two-year statute of limitation would have expired on July 12, 2004, absent some tolling thereof.[6] Tolliver filed suit, though without the required notice, on June 4, 2004, thus tolling the statute of limitation. Watters v. Stripling, 675 So.2d 1242, 1244 (Miss.1996).
¶ 26. At that time, thirty-eight days remained in the limitation period. That thirty-eight-day period began to run again on the date this Court issued its mandate in Tolliver I, March 15, 2007, and expired on April 23, 2007,[7] again absent some tolling or suspension thereof.
¶ 27. Here, Tolliver sent a notice, but, as discussed above, it was noncompliant with the statute’s requirements. As a result, simply stated, the noncompliant notice was of no legal effect. Thomas v. Warden, 999 So.2d 842, 846 (Miss.2008).
¶28. Because there was no effective notice to trigger the sixty-day tolling period of the applicable statute, the limitation period expired on April 22, 2007. The trial court therefore erred in finding the statute of limitation had not expired by the time Tolliver II was filed.
III. Whether the “savings statute” applies to the claim.
¶ 29. Statutory interpretation is a matter of law which this Court reviews de novo. Donald v. Amoco Prod. Co., 735 So.2d 161, 165 (Miss.1999).
¶ 30. Tolliver argues that Mississippi Code Section 15-1-69, popularly known as the “savings statute,” applies to save her cause of action from being time-barred. This statute provides:
If in any action, duly commenced within the time allowed, the writ shall be abated, or the action otherwise avoided or defeated, by the death of any party thereto, or for any matter of form ... the plaintiff may commence a new action for the same cause, at any time within one year after the abatement or other determination of the original suit.
Miss.Code Ann. § 15-1-69 (Rev.2003).
¶ 31. If this statute is to apply, it must do so as a dismissal for a matter of form after being duly commenced. Dr. Arceo and St. Dominic assert that, because Tol-liver failed to comply with the statutory notice requirement, she had no legal right to file suit, therefore no suit filed by Tolliver has been duly commenced, and the provisions of the savings statute do not apply.
*74 ¶ 32. The savings statute was first enacted in 1848, more than 130 years before the adoption of the Mississippi Rules of Civil Procedure. In the Twenty-First Century, the commencement of a lawsuit is governed by Mississippi Rule of Civil Procedure 3(a), which states that a civil action is commenced by filing a complaint with the court. Further, the complaint must contain a short and plain statement of the claim showing the pleader is entitled to relief and a demand for judgment for the relief to which he deems himself entitled, including relief in the alternative. M.R.C.P. 8(c).
¶ 33. To the extent a legislative act purports to abridge the judicial branch’s authority to promulgate rules and procedures for the conduct of business in its courts, we previously have held it encroaches upon judicial authority in contravention of constitutional separation of powers. Wimley v. Reid, 991 So.2d 135 (Miss.2008). Certainly the Legislature may enact pre-suit requirements. That prerogative also has been recognized, as well as our duty to enforce such requirements. Id. Failure to comply with pre-suit requirements will result in dismissal, as Tol-liver is well aware from her first appearance before this Court.
¶ 34. Nevertheless, the commencement of litigation is determined by the Rules of Civil Procedure, not the requirements which may have existed prior to their adoption, nor pre-suit statutory requirements which do not govern judicial procedural rules. For purposes of the savings statute in a Rules world, “duly commenced” is a cause commenced consistent with the requirements of the Rules. Otherwise, whether or not the savings statute applies in a given circumstance remains unchanged.
¶ 35. Caselaw does not define specific “elements” required for a suit to be duly commenced for purposes of the savings statute, though this Court previously has discussed application of the savings statute. The seminal case, still quoted and cited as authority, on this issue is Hawkins v. Scottish Union & National Insurance Company, 110 Miss. 23, 69 So. 710 (1915).
¶ 36. The savings statute is “highly remedial ... and ought to be liberally construed for the accomplishment of the purpose for which it was designed, namely, to save one who has brought his suit within the time limited by law from loss of his right of action by reason of accident or inadvertence, and it would be a narrow construction of that statute to say that because, if plaintiff had, by mistake, attempted to assert his right in a court having no jurisdiction, he is not entitled to the benefit of it.” Id.
¶ 37. Although Hawkins is of considerable vintage, it is still the standard by which we have continued to measure application of the savings statute throughout the intervening decades. See, e.g., Crawford v. Morris Transp., Inc., 990 So.2d 162, 170 (Miss.2008); Ryan v. Wardlaw, 382 So.2d 1078 (Miss.1980); and Frederick Smith Enter. Co. v. Lucas, 204 Miss. 43, 36 So.2d 812 (1948).
¶ 38. We previously have observed that notice is “a pre-suit prerequisite to a claimant’s right to file suit.” Thomas, 999 So.2d at 847. It does not, however, touch on the merits of the claim; Tolliver failed to follow the statutory requirement. Such situations fall within the purview of the remedial savings statute. “Where the plaintiff has been defeated by some matter not affecting the merits, some defect or informality, which he can remedy or avoid by a new process, the statute shall not prevent him from doing so, provided he follows it promptly, by suit within a year.” Hawkins, 110 Miss. at 31, 69 So. 710.
*75 ¶ 39. Tolliver I was dismissed due to failure of the plaintiff to comply with the statutory notice requirement. Dismissal was therefore proper, which we determined on interlocutory appeal, a mandate memorializing that decision being issued on March 15, 2007. Being a dismissal for failure to provide the statutory notice, Tol-liver I falls within the parameters of a matter of form such that the savings statute applied. Therefore, the one-year clock began to run concurrently with the remaining thirty-eight days in the limitation period on March 15, 2007, and ended on March 14, 2008.[8] Tolliver had this year in which to refile her suit.[9]
¶ 40. Tolliver did file a second complaint on May 9, 2007. The auspices of the savings statute made this permissible, as the trial court correctly determined.
IV. Whether the cause of action should have been dismissed with prejudice.
¶ 41. Dr. Arceo and St. Dominic make two arguments that the trial court should have dismissed this matter with prejudice, rather than without prejudice. First, they argue Tolliver’s failure to comply with the statutory notice requirements, despite being given repeated opportunities to do so and, presumably, with actual knowledge that she must do so, warrants a dismissal with prejudice. Second, they argue the statute of limitation has expired, so that the cause of action is now barred.
¶ 42. Ordinarily, dismissal without prejudice is appropriate where, as here, dismissal of a suit was based upon a plaintiffs failure to comply with statutory pre-suit notice provisions not governed by the Mississippi Rules of Procedure. See Tolliver I, 949 So.2d at 697-98 (citing Pitalo v. GPCH-GP, Inc., 933 So.2d 927, 928-29 (Miss.2006)). However, in all civil suits, where a suit is dismissed for any reason and the statute of limitation has expired, dismissal with prejudice is warranted. Tolliver v. Mladineo, 987 So.2d 989, 996-97 (Miss.App.2007) and Watters v. Stripling, 675 So.2d 1242, 1243, 1244 (Miss.1996). This is the required outcome, unless some other mechanism applies to take the case out of that general rule.
¶ 43. With respect to the first contention, Dr. Arceo and St. Dominic appear to be arguing for sanctions in the form of dismissal with prejudice for what amounts to an intentional disregard of the applicable statute. When and under what circumstances such sanctions should be imposed is a separate body of law which neither Dr. Arceo nor St. Dominic has cited. Neither has, in fact, cited any authority for this argument. In the absence of such, we decline to address the argument. Conley v. State, 790 So.2d 773, 784 (Miss.2001). We proceed to the second contention.
¶ 44. The statute of limitation had expired by the time Tolliver II was filed. The only authority which permitted Tolliver’s cause of action to be filed on May 9, 2007, was the savings statute. Deposit Guar. Nat'l Bank v. Roberts, 483 So.2d 348, 354 (Miss.1986).
¶ 45. A second suit commenced under the grace of the savings statute is still subject to the same affirmative defenses and substantive challenges as the *76 original suit. Canadian Nat’l /Ill. Centr. R. Co. v. Smith, 926 So.2d 839, 845 (Miss.2006). The trial court recognized this and granted dismissal.
¶ 46. The savings statute, however, applies only to the “abatement or other determination of the original suit.” Miss. Code Ann. § 15-1-69. The effect of this limitation on the application of the statute is to prohibit repeated refilings of the same cause of action. Once a party has utilized the benefit of the savings statute, it is not available to her again, as a second or third complaint can never be the original suit.
¶47. When the language used by the Legislature is plain and unambiguous and the statute conveys a clear and definite meaning, as here, we will have no occasion to resort to the rules of statutory interpretation. Marx v. Broom, 632 So.2d 1315, 1318 (Miss.1994). By the plain terms of the savings statute, its grace does not extend to save a second suit.
¶ 48. Tolliver I was “the original suit.” Tolliver II was a subsequent suit, permitted to be filed because of the savings statute. Having used the opportunity to refile, Tolliver II was subject to the same rules of law as any other case, including application of the statute of limitation. That limitation period having expired with no further grace available to Tolliver, the trial court should have dismissed this cause with prejudice.

CONCLUSION

¶ 49. We find the trial court was correct in finding that the savings statute applied to permit Tolliver II to be filed. We also affirm the trial court’s dismissal of Tolliver II because of the failure to meet the substantial-compliance standard in the contents of Tolliver’s claim notice. However, the statute of limitation had expired prior to dismissal of Tolliver II, and dismissal of that suit should have been with prejudice.
¶ 50. AFFIRMED IN PART; REVERSED AND RENDERED IN PART.
CARLSON, P.J., DICKINSON, LAMAR AND PIERCE, JJ., CONCUR. RANDOLPH, J„ CONCURS IN RESULT ONLY WITH SEPARATE WRITTEN OPINION. GRAVES, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KITCHENS, J. CHANDLER, J„ NOT PARTICIPATING.

. This Court’s opinion in Arceo v. Tolliver will hereinafter be cited and referenced as Tolliver I.

. The original complaint was styled "Myrtis Tolliver, On Behalf of Tommie C. Tolliver, Deceased v. Salvador Arceo, M.D., and John and Jane Does 1-5.” The first amended complaint was styled “Myrtis Tolliver, as Administratrix of the Estate of Tommie C. Tolliver, Deceased, Individually, and on Behalf of the Wrongful Death Beneficiaries of Tommie C. Tolliver, Deceased v. St. Dominic-Jackson Memorial Hospital; Salvador Arceo, M.D.; Amy Morehead, R.N.; (FNU) Cleveland, R.N.; and John and Jane Does 1-7." The second amended complaint had the identical style, except that, with the first name of Nurse Cleveland having been determined, "(FNU) Cleveland, R.N.,” was amended to read "Stephanie Cleveland, R.N.” Tolliver I, 949 So.2d at 693.

. This Court reached only the issue of whether dismissal was required for non-compliance with section 15-1-36(15), stating: “[bjecause of our disposition of the statutory notice issue consistent with our recent decision in Pítalo, the remaining issues raised by the parties need not be addressed.” Tolliver I, 949 So.2d at 697.

. In her reply brief, Tolliver raises several other independent issues, including the con-stilutionality of the medical negligence notice statute and argues the trial court erred in granting the dismissal at all. However, Tol-liver did not file a notice of cross-appeal or file a cross-appellant’s brief, only a reply brief, and the issues are therefore not properly before this Court.

.For the sake of clarity, we have reworded and separated the issues.

. 2004 was a leap year. Additionally, because it is not an issue in this case, discussion of the 120-day tolling effect of Mississippi Rule of Civil Procedure 4(h) is unnecessary.

. The statute of limitation technically would have expired on April 22, 2007; however, that was a Sunday.

. 2008 was a leap year.

. In the present case, good faith in initiating the action under the savings statute was never raised before the trial court and therefore is not before us for decision. In the absence of good faith in initiating an action, the savings statute offers no shelter to a litigant. Hawkins, 110 Miss. at 29-30, 69 So. 710. See also Marshall v. Kan. City S. Ry. Co., 7 So.3d 210, 214 (Miss.2009).