WALLER, Chief Justice,
for the Court:
¶ 1. Rickesha Larry filed suit against Hospital M.D., LLC, and Hospital M.D. of Yazoo City, Inc. (collectively Hospital M.D.), among other defendants, in a medical-malpractice action. Hospital M.D. moved for summary judgment, arguing Larry had failed to provide it with notice pursuant to Mississippi Code Section 15-1-36(15); thus the sixty-day tolling period was not triggered and the statute of limitations had expired prior to Larry filing her initial complaint. The trial court denied Hospital M.D.’s motion for summary judgment and entered two orders. Hospital M.D. filed an interlocutory appeal with this Court, which was granted. See M.R.A.P. 5. This Court finds that the motion should have been granted, because Larry failed to send Hospital M.D. the statutorily required .pre-suit notice and subsequently filed her complaint outside the applicable statute of limitations. Further, the medical-malpractice-discovery rule did not serve to toll the two-year statute of limitations. Accordingly, we reverse the Yazoo County Circuit Court’s orders denying the motion for summary judgment and remand the case to the trial court to grant summary judgment in favor of Hospital M.D., *924 and to conduct further proceedings as to any remaining parties.

FACTS AND PROCEDURAL HISTORY

¶ 2. Larry began to experience complications from a flu vaccine she received at the University of Southern Mississippi. After returning home to Yazoo City, Larry was treated by Dr. David Johnson at the emergency room of King’s Daughters Hospital of Yazoo City (KDH) on December 1, 2009. Dr. Johnson was employed by Hospital M.D., which provided emergency-room physicians for KDH. Larry’s underlying medical-malpractice claim relates to Dr. Johnson’s treatment of her at KDH.
¶ 8. The asserted negligence occurred on December 1, 2009. Larry allegedly requested her medical records in April 2011 and again on June 2, 2011; however, the record does not indicate the exact date she received them. On October 8, 2011, Larry sent pre-suit notice letters to Dr. Johnson and KDH. December 1, 2011, marked two years from the date of the alleged negligence. On December 9, 2011, Larry’s counsel alleged they first learned of the existence of Hospital M.D. and that Dr. Johnson was not an employee of KDH in an email sent by a senior claims consultant for KDH’s insurer. The record also indicates that Hospital M.D. was named as an additional insured on Dr. Johnson’s insurance policy and appeared in the “cc” line of a letter sent by KDH’s insurance adjuster to Larry on October 12, 2011.
¶ 4. On January 3, 2012, Larry filed her initial complaint, naming KDH, Dr. Johnson, Hospital M.D. of Yazoo City, Hospital M.D., LLC, and John Does 1-5, as defendants. On March 13, 2012, Larry filed her first amended complaint to add the University of Southern Mississippi as a defendant.[1] Hospital M.D. moved for summary judgment on May 23, 2012. Larry’s notice-of-claim letters were finally served on Hospital M.D. on June 5, 2012. A hearing was held on Hospital M.D.’s motion for summary judgment on September 18, 2012.
¶ 5. At the hearing, Hospital M.D. argued the motion should be granted because Larry failed to serve Hospital M.D. with pre-suit notice as required by Mississippi Code Section 15-1-36(15), and that subsequently, she filed her complaint after the two-year statute of limitations had run. Further, Hospital M.D. argued it was Larry’s duty to determine Dr. Johnson’s employment status and not the duty of any other party involved. In Hospital M.D.’s opinion, any order allowing Larry to amend her complaint would be futile because her initial complaint was filed without notice and after the limitations period.
¶ 6. Larry argued she performed her due diligence by acquiring her medical records from KDH, and those records made no mention of Hospital M.D. It was only after she had sent out her notice-of-claim letters to defendants known at that time and beyond the initial two-year statute of limitations had ostensibly run that she learned from KDH’s insurance company that Hospital M.D. was Dr. Johnson’s employer. In light of this, Larry argued the medical-malpractice discovery rule applied to toll the applicable statute of limitations until she learned of this relationship. Further, Larry argued the proper remedy was for the trial court to dismiss her amended complaint without prejudice and then allow her leave to file a second amended complaint to bring in Hospital M.D.
¶ 7. The trial court denied Hospital M.D.’s motion for summary judgment, finding Larry “put forth due diligence in ascertaining the status or relationship of *925 Hospital M.D. with the doctor, Dr. Johnson ... once they received sufficient notice that there was an additional defendant.” The trial court subsequently issued an order of dismissal without prejudice, noting this remedy follows the procedural guidance of this Court’s decision in Price v. Clark, 21 So.3d 509 (Miss.2009). The trial court also issued an order granting Larry leave to file a second amended complaint, finding the medical-malpractice-discovery rule applied to “toll the state of the statute of limitations as to Hospital M.D. Defendants until December 9, 2011, when the existence and involvement of the [sic] those Defendant’s was disclosed, see Stringer v. Trapp, 30 So.3d 339 (Miss. 2010).” Hospital M.D. appeals the denial of its motion for summary judgment and the trial court’s subsequent orders, raising two basic issues which are simplified and reorganized for the purposes of this opinion:
I. Whether the trial court erred by applying the medical-malpractice-discovery rule to toll the statute of limitations.
II. Whether the trial court erred in applying the procedural guidance of Price v. Clark, 21 So.3d 509 (Miss.2009).

STANDARD OF REVIEW

¶ 8. A trial court’s grant or denial of a motion for summary judgment is reviewed de novo. Johnson v. Pace, 122 So.3d 66, 68 (Miss.2013). The evidence in the motion is viewed- in the light most favorable to the party opposing the motion. Davis v. Hoss, 869 So.2d 397, 401 (Miss.2004). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Id.

DISCUSSION

I. Whether the trial court erred by applying the medical-malpractice-discovery rule to toll the statute of limitations.
¶ 9. When filing a complaint against a private healthcare provider for professional negligence, Mississippi Code Section 15-1-36(15) requires the defendant be given sixty days’ prior written notice of the intention to begin the action. Miss. Code Ann. § 15-1-36(15) (Rev.2012). Negligence actions against a private medical provider like Hospital M.D. are governed by a two-year statute of limitations from the date of the alleged negligent act or when “with reasonable diligence might have been first known or discovered.” Miss.Code Ann. § 15-1-36(2) (Rev.2012). This Court has stated that the medical-malpractice-discovery rule tolls the statute of limitations until the plaintiff “(1) has knowledge of the injury, (2) has knowledge of the cause of the injury, and (3) knows the relationship between the practitioner and the injury.” Stringer v. Trapp, 30 So.3d 339, 342 (Miss.2010) (emphasis added) (citing Smith v. Sanders, 485 So.2d 1051,1053 (Miss.1986)). Thus, “although a hidden or unseen injury might ... serve to trigger the discovery rule and toll the statute of limitations, it is not because the injury itself is hidden or unknown, but rather because the negligence which caused the injury is unknown.” Sutherland v. Estate of Ritter, 959 So.2d 1004, 1008 (Miss.2007).
¶ 10. Larry argues that, under the “relationship between the practitioner and the injury” prong of the discovery rule, the statute of limitations was tolled until December 9, 2011, the date Larry learned of the of the relationship between Dr. Johnson and Hospital M.D. Further, Larry claims she performed her due diligence in obtaining her medical records; however, *926 the records contained no mention that Dr. Johnson was an employee of Hospital M.D. “Simply put, Larry did not learn of the existence of Hospital M.D ... and their possible connection to her injuries until December 9, 2011, despite her exercise of reasonable diligence.”
¶ 11. Hospital M.D. argues the discovery rule is inapplicable because the issue is the employment relationship between Dr. Johnson, KDH, and Hospital M.D., not the relationship between Dr. Johnson and Larry’s injury. Further, it argues “no medical records will list the employment status of doctors treating patients.” Thus, Hospital M.D. claims Larry’s argument places the burden on it to notify Larry of Dr. Johnson’s employment status.
¶ 12. The alleged negligence by Dr. Johnson occurred on December 1, 2009. Larry filed her initial complaint naming Hospital M.D. on January 3, 2012. Larry admits she did not send Hospital M.D. the notice required by statute, which would have tolled the statute of limitations; thus, unless the discovery rule applied, any claim against Hospital M.D. expired on December 1, 2011. We hold that the medical-malpractice-discovery rule is inapplicable to this case. The statute of limitations was not tolled as to Hospital M.D.; therefore, Larry’s complaint was filed beyond the statute of limitations as to them.
¶ 13. In the trial court’s order granting Larry leave to amend, it found that the discovery rule applied to toll the statute of limitations until December 9, 2011, as to Hospital M.D., citing Stringer v. Trapp, 30 So.3d 339 (Miss.2010). In Stringer, this Court found the trial court erred in dismissing the action against Dr. Trapp because he never met with the plaintiff and made no assertion that the plaintiff was made aware of his involvement in the plaintiffs treatment until she received her medical records.[2] Stringer, 30 So.3d at 343. This Court noted that, although the injury was known to the plaintiff, “ ‘if the patient has no reason to know that the doctor’s negligence in performing the procedure caused the complications, the discovery rule will apply....’” Id. at 342 (quoting Sutherland, 959 So.2d at 1009) (emphasis omitted).
¶ 14. The facts of the case before us are distinguishable from Trapp and this Court’s prior precedent regarding the discovery rule. Here, Larry knew of Dr. Johnson’s relationship to her injury from the start and, in fact, sued him individually. Thus, it was not the relationship between Dr. Johnson and her injury that Larry was unaware of before the statute of limitations ran on her claim. Rather, it was Dr. Johnson’s employment status with Hospital M.D. Because the issue in this case involves Dr. Johnson’s relationship with Hospital M.D. and not his relationship to Larry’s injury, the discovery rule does not apply to toll the statute of limitations. See Huss v. Gayden, 991 So.2d 162, 165 (Miss.2008) (quoting Smith, 485 So.2d at 1052) (“The operative time is when the patient can reasonably be held to have knowledge of the injury itself, the cause of the injury, and the causative relationship between the injury and the conduct of the medical practitioner.”) (emphasis added).
¶ 15. While the medical-malpractice discovery rule does not apply to determining the identity of Dr. Johnson’s employer, we must note Larry’s lack of diligence to investigate this claim. There is no evidence showing Larry did anything more than *927 request her medical records in investigating her claim. Nothing indicates that Larry made any inquiry into the employment status of Dr. Johnson, seeming to proceed under the assumption that Dr. Johnson was an employee of KDH. Further, Larry does not allege, nor is there any evidence, that KDH or Dr. Johnson intentionally delayed or attempted to mislead Larry about Dr. Johnson’s employment status with Hospital M.D. See Gorton v. Rance, 52 So.3d 351, 357 (Miss.2011) (“We observe that [the Plaintiff] had a legal duty to conduct a due-diligence inquiry into the true employment status of potential defendants.”). We find Larry simply failed to timely investigate Dr. Johnson’s employment status.
II. Whether the trial court erred in applying the procedural guidance of Price v. Clark, 21 So.3d 509 (Miss.2009).
¶ 16. The trial court found that the proper remedy was dismissal of Larry’s complaint without prejudice and then allowing her leave to amend to properly provide Hospital M.D. notice and file a second amended complaint, pursuant to this Court’s procedural guidance in Price v. Clark, 21 So.3d 509 (Miss.2009). Larry admits in her brief that she improperly named Hospital M.D. in her complaint because she did not provide it with pre-suit notice pursuant to Mississippi Code Section 15-1-36. However, she argues that, in a medical-malpractice action, filing a suit without providing pre-suit notice has no legal effect if the statute of limitations has not expired. Then, dismissal without prejudice is the proper course of action. Hospital M.D. argues that this case is controlled by Arceo v. Tolliver, 19 So.3d 67 (Miss.2009), which was handed down a month after Price. It argues that, because Larry did not comply with Mississippi Code Section 15-l-36(15)’s notice requirement, the sixty-day tolling period did not apply and the statute of limitations expired before Larry filed her complaint.
¶ 17. In Price, this Court found that “a properly served complaint — albeit a complaint that is wanting of proper pre-suit notice — should still serve to toll the statute of limitations until there is a ruling from the trial court.” Price, 21 So.3d at 522. Applying this logic to the facts, this Court then found that the initial complaint was filed and served within the statute of limitations period, but the plaintiff failed to provide the proper notice. Id. This Court held that dismissal of the complaint without prejudice was the proper remedy, because the properly filed complaint served to toll the statute of limitations until the trial court had a chance to rule on the complaint. Id. In Arceo, this Court noted that, ordinarily, dismissal without prejudice is the remedy where a plaintiff fails to comply with statutory pre-suit notice; “[hjowever ... where a suit is dismissed for any reason and the statute of limitation has expired, dismissal with prejudice is warranted.” Arceo, 19 So.3d at 75.
¶ 18. We find that the trial court erred in applying the procedural guidance in Price because Larry’s complaint was filed without notice and after the statute of limitations had run. Unlike Price, where the plaintiff filed the initial complaint within the limitations period, Larry’s complaint missed the December 1, 2011, deadline. Further, Larry admittedly failed to meet the notice requirements of Section 15 — 1— 36(15). Thus, the proper remedy was dismissal with prejudice of Larry’s claim against Hospital M.D. See Arceo, 19 So.3d at 75-76.

CONCLUSION

¶ 19. We hold that the trial court’s application of the medical-malpractiee-discov- *928 ery rule to toll the statute of limitations in determining employer/employee status was error. The two-year statute of limitations deadline ran on Larry’s claim against Hospital M.D. on December 1, 2011, because it was not served with any pre-suit notice.
¶ 20. Therefore, we reverse the Yazoo County Circuit Court’s orders and remand the case for the trial court to grant Hospital M.D.’s motion for summary judgment and for further proceedings as to any remaining parties.
¶ 21. REVERSED AND REMANDED.
DICKINSON AND RANDOLPH, P.JJ., LAMAR AND COLEMAN, JJ., CONCUR. KITCHENS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY CHANDLER AND KING, JJ. PIERCE, J., NOT PARTICIPATING.

. The University of Southern Mississippi was later dismissed from the case with prejudice.

. Dr. Trapp was a radiologist who read the plaintiff's abdominal scan (allegedly in a negligent manner) but never actually saw the plaintiff. Stringer, 30 So.3d at 340. Thus, the plaintiff did not know about Dr. Trapp's relationship to her injury prior to obtaining her records. Id.