COLEMAN, JUSTICE, FOR THE COURT:
 

 ¶ 1. Patsy Wood, administratrix of Patricia Peoples's estate and a wrongful death beneficiary, as well as Sandra Kay Madison and Samuel Peoples, Peoples's other children and wrongful death beneficiaries,
 sued Lakeland Nursing and its employees, primarily the nurses involved in caring for Peoples, for negligence. Lakeland Nursing and Nurses Brittany Spann, Mary McGowan, Patricia Rhodes, and Barbara Scott (collectively "the Nurses") filed motions to dismiss, arguing that Wood did not comply with the presuit notice requirements provided in Mississippi Code Section 15-1-36(15) (Rev. 2012). The Hinds County Circuit Court, First Judicial District, denied the motions to dismiss, and the parties petitioned for interlocutory review.
 

 ¶ 2. The interlocutory appeal presently before the Court involves the sole issue of whether Patsy Wood gave proper presuit notice to the Nurses pursuant to Mississippi Code Section 15-1-36(15), such that the circuit court correctly denied the Nurses' motions to dismiss. Finding that Wood failed to do so, we reverse the trial court's denial of the Nurses' motion to dismiss, and we remand for further proceedings consistent with the instant opinion.
 

 FACTS
 

 ¶ 3. Peoples, a resident at Lakeland Nursing and Rehabilitation Center, LLC, fell on September 12, 2011, and died from her injuries. Her children sued Lakeland Nursing and the Nurses for negligence. On December 29, 2011, Wood's counsel mailed a letter to Lakeland Nursing stating that "Lakeland Nursing and Rehab Center and its
 
 employees
 
 were negligent and that their negligence was a contributing proximate cause of ... Peoples's fall, her injuries and her subsequent death." (Emphasis added.) The letter requested Lakeland Nursing's liability insurance information, as well as Peoples's medical records. In July 2013, Wood sent a letter notifying Lakeland Nursing of her intent to sue, and Wood filed her complaint in August 2013 and amended the complaint in September 2013. Though Wood eventually did send the Nurses letters, personally and to their home addresses, informing them of her intent to sue, the sole issue is whether the December 29, 2011, letter provided presuit notice to the Nurses.
 

 ¶ 4. Lakeland Nursing and the Nurses filed motions to dismiss, arguing that Wood did not comply with the presuit notice requirements provided in Mississippi Code Section 15-1-36(15) (Rev. 2012). The trial court denied the motions to dismiss based on the December 29, 2011, letter. According to the trial court, "[p]roof that Plaintiffs' letter dated December 29, 2011, is a proper notice of intent to sue letter is the fact that the Defendants retained counsel from the law firm of Baker Donelson, who responded to Plaintiffs' December 29, 2011, notice of intent to sue letter on January 6, 2012, clearly acknowledging that Plaintiffs' December 29, 2011, letter was a proper notice of intent to sue letter."
 

 ¶ 5. Following the denial of their motions to dismiss, Lakeland Nursing and the Nurses sought interlocutory review. The Court granted interlocutory appeal and stayed the proceedings in the trial court only as to the trial court's order denying the Nurses' motions to dismiss. The Court denied Lakeland Nursing's interlocutory appeal, and we ordered the trial court to determine if the proceedings against Lakeland Nursing should be stayed.
 

 ¶ 6. According to the Nurses, the issue on appeal is "[w]hether a letter to a medical facility requesting a patient's medical records satisfies the presuit notice requirement of [ Section] 15-1-36(15) for all of the facility's current and former employees."
 

 ANALYSIS
 

 ¶ 7. The Court applies de novo review in reviewing a motion to dismiss.
 
 Scaggs v. GPCH-GP, Inc.
 
 ,
 
 931 So.2d 1274
 
 , 1275 (¶ ) (Miss. 2006). In the instant case, the Court must decide whether, under
 Section 15-1-36(15), the letter addressed to Lakeland Nursing alone and referencing the negligence of Lakeland Nursing "and its employees" constituted adequate presuit notice to the employees, the Nurses.
 

 ¶ 8. To determine the legislative intent behind Section 15-1-36(15), "the Court first looks to the language of the statute. If the words of a statute are clear and unambiguous, the Court applies the plain meaning of the statute and refrains from using principles of statutory construction."
 
 Lawson v. Honeywell Int'l, Inc.
 
 ,
 
 75 So.3d 1024
 
 , 1027 (¶ 7) (Miss. 2011) (citations omitted). Section 15-1-36(15) states:
 

 No action based upon the health care provider's professional negligence may be begun unless the defendant has been given at least sixty (60) days' prior written notice of the intention to begin the action. No particular form of notice is required, but it shall notify the defendant of the legal basis of the claim and the type of loss sustained, including with specificity the nature of the injuries suffered.
 

 Miss. Code Ann. § 15-1-36
 
 (15). "The most fundamental rule of statutory construction is the plain meaning rule, which provides that if a statute is not ambiguous, then this Court must apply the statute according to its terms."
 
 Buckel v. Chaney
 
 ,
 
 47 So.3d 148
 
 , 158 (¶ 35) (Miss. 2010) (quoting
 
 State ex rel. Hood v. Madison Cty. Bd. of Supervisors
 
 ,
 
 873 So.2d 85
 
 , 90 (¶ 19) (Miss. 2004) ). The Legislature's use of the word "defendant," a singular noun, appears to require individual presuit notice to each of several defendants. The Legislature's use of "the" further supports a determination that the Legislature intended each defendant receive presuit notice, especially in light of the Legislature's use of the singular noun "health care provider" in the same sentence. Lakeland Nursing is a healthcare provider, and each nurse involved also is a healthcare provider, so requiring notice to each individual healthcare provider is consistent with the language and purpose of the statute. The clear and unambiguous language of Section 15-1-36(15) requires each defendant to receive presuit notice, even if there is an employer-employee relationship among the defendants.
 

 ¶ 9. Also important is that the trial court's denial of the Nurses' motions to dismiss is a clear departure from the Court's wealth of caselaw requiring strict compliance with Section 15-1-36(15). The Court has held unwaveringly that strict compliance with Section 15-1-36(15) is required, and the failure to satisfy the requirements mandates dismissal without prejudice.
 
 Fowler v. White
 
 ,
 
 85 So.3d 287
 
 , 291 (¶ 13) (Miss. 2012). The Court explained in
 
 Pitalo v. GPCH-GP, Inc.
 
 ,
 
 933 So.2d 927
 
 , 929 (¶ 5) (Miss. 2006), that, "[w]hen drafting [ Section 15-1-36(15) ], the Legislature did not incorporate any given exceptions to [the] rule which would alleviate the prerequisite condition of prior written notice." For example, in
 
 Arceo v. Tolliver
 
 ,
 
 19 So.3d 67
 
 , 71-72 (¶¶ 12-21) (Miss. 2009), Myrtis Tolliver appealed the trial court's dismissal of her suit for failing to comply with Section 15-1-36(15) in giving Dr. Salvadore Arceo and St. Dominic Hospital notice. Tolliver's issue on appeal was that, "under the facts of this case, a notice letter was not required[,]" because the case had been ongoing for two years; thus, Dr. Arceo and St. Dominic had actual notice of the claims against them.
 

 Id.
 

 at 71
 
 (¶¶ 11-12). The Court rejected that actual notice was a substitute for the required statutory notice under Section 15-1-36(15) : "The statute does not provide an exception to notice requirements for medical negligence cases in which a defendant may have actual notice of the particulars of a claim[.]"
 

 Id.
 

 at 72
 
 (¶ 19). The Court noted
 that it had "rejected the argument that actual notice of a claim and its details obviates the necessity of written notice under the [Mississippi Tort Claims Act]."
 

 Id.
 

 While actual notice is not being argued in the instant case, if the Court has held that a party's actual notice of a claim does not satisfy Section 15-1-36(15), then notice to an employer certainly does not satisfy Section 15-1-36(15) as notice to the defendant-employees. Further, the Legislature did not provide an exception that notice to an defendant-employer would satisfy the need to notify any defendant-employees of the impending suit.
 

 CONCLUSION
 

 ¶ 10. Because the plain language of Section 15-1-36(15) required Wood to provide presuit notice to each of the nurses and because holding otherwise contradicts our clear caselaw, we reverse the trial court's denial of the Nurses' motion to dismiss and remand the case to the Hinds County Circuit Court for further proceedings consistent with the instant opinion.
 

 ¶ 11.
 
 REVERSED AND REMANDED.
 

 WALLER, C.J., RANDOLPH, P.J., MAXWELL, BEAM, CHAMBERLIN AND ISHEE, JJ., CONCUR. KITCHENS, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KING, J.