PIERCE, Justice,
for the Court:
¶ 1. On July 7, 2006, a fire occurred at the apartment building rented by Paul Booker Whittington, Jr., and Westbrook Cooper (Plaintiffs). Whittington died from injuries he sustained in the fire, while Cooper was injured but survived. The building was owned by William Lipscomb, and it was located on the same property as Lipscomb’s residence. Plaintiffs sued Lipscomb in tort and amended their complaint to seek declaratory judgment against Lipscomb’s insurer, the Automobile Insurance Company of Hartford, Connecticut (AIC), on the issue of coverage. AIC filed a motion to sever and a motion for summary judgment, which the trial court denied. AIC filed two separate petitions for interlocutory appeal and requested that the Court consolidate the two issues raised in the separate petitions. After reviewing the complaint, together with the insurance policy and the relevant deposition testimony, we have determined there is no genuine issue of material fact as to the issue of coverage, and that AIC’s motion for summary judgment should have been granted.
FACTS
¶ 2. William Lipscomb owned and maintained his personal residence and rental property in Jackson, Mississippi. This property included a two-story building, set apart from the main house, that Lipscomb rented out as apartments. The first-floor apartment was rented by Whittington, the decedent, and the second floor was occupied by Cooper.
¶ 3. On July 7, 2006, the fire started in the garage of the apartment building and spread to both the first and second floors. Cooper was forced to jump from his apartment out of a second-floor window and incurred several injuries. Whittington was unable to escape the fire, as the only door for ingress and egress was engulfed in flames. Whittington later died at a hospital from injuries he sustained in the fire.
¶ 4. AIC insured the dwelling house owned by Lipscomb. The homeowners policy included personal liability coverage for bodily injury and property damage. After the fire, AIC denied coverage, citing two provisions: the first prevented coverage for bodily injury or property damage “arising out of or in connection with a business engaged in by any insured;” and the second prevented coverage for bodily injury or property damage “arising out of the rental ... of any premises by any insured.” Plaintiffs filed suit against Lipscomb for negligence, wrongful death, breach of building fire codes, breach of contract and implied warranty, and punitive damages. Later, Plaintiffs amended their complaint to include a claim for declaratory judgment against AIC. Lipscomb filed a third-party complaint against his insurance agent, Buddy Oliver, and The Insurance Mart, Inc., for failure to procure insurance coverage that would have protected Lipscomb against the claims asserted by Plaintiffs. The Plaintiffs claim that Oliver bound AIC with statements he made to Lipscomb before and after the fire. Lipscomb denies ever receiving a copy of his policy with AIC prior to the *559 fire.[1] Oliver’s business records show that he mailed a copy of the policy to Lipscomb on November 17, 2005. Oliver further claims that his company, The Insurance Mart, Inc., had procured an estimate for a general liability policy in January of 2006, after Lipscomb had attained his homeowners policy, but that Lipscomb had chosen not to purchase it.
¶ 5. On July 31, 2009, AIC filed a motion for summary judgment denying coverage and a motion to sever the tort claim and the claim for declaratory judgment. The Honorable Winston Kidd denied AIC’s motions. AIC appeals. Because the first issue is dispositive, we decline to address whether the trial court erred in denying AIC’s motion to sever.
DISCUSSION

Motion for summary judgment

¶ 6. This Court reviews a trial court’s grant or denial of a motion for summary judgment under a de novo standard.[2] Pursuant to Rule 56(c) of the Mississippi Rules of Civil Procedure, summary judgment “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” However, to withstand a motion for summary judgment, the nonmoving party must put forth facts sufficient to show that a genuine issue of material fact exists.[3]

Whether AIC has a duty to defend.

¶ 7. The threshold issue presented in this appeal is whether AIC has a duty to defend Lipscomb. To answer this question, we must look at the facts alleged in the complaint, together with the policy.[4] An insurance company’s duty to defend is not triggered until it has knowledge that a complaint has been filed that contains allegations of conduct covered by the policy.[5] These allegations, and particularly the conduct alleged in the complaint, determine whether an insurer is required to defend an action.[6] No such duty arises when the alleged conduct falls outside the policy’s coverage.[7] But where, through independent investigation, an insurer becomes aware that the true facts, if established, present a claim against the insured which potentially would be covered under the policy, the insurer must provide a defense until it appears that the facts upon which liability is predicated fall outside the policy’s coverage.[8]
¶ 8. Plaintiffs’ complaint included claims against Lipscomb for negligence, breach of building and fire codes, breach of contract and implied warranty, wrongful death, and *560 punitive damages. Plaintiffs also sought a declaratory judgment against AIC.
¶ 9. When AIC learned of Plaintiffs’ claim against Lipscomb, it sent a letter to Lipscomb denying coverage under the following two exclusions:
Coverage E — Personal Liability and Coverage F — Medical Payments to Others do not apply to bodily injury or property damage:
[[Image here]]
b. Arising out of or in connection with a business engaged in by any insured. This exclusion applies but is not limited to an act or omission, regardless of its nature or circumstances involving a service or duty rendered, promised, owed or implied to be provided because of the nature of the business;
c. Arising out of the rental or holding for rental of any premises by any insured. This exclusion does not apply to the rental or holding for rental of an insured location:
a. on an occasional basis if used only as a residence.
b. in part for use only as a residence, unless a single family unit is intended for use by the occupying family to lodge more than two roomers or boarders; or
c. in part, as an office, school, studio or private garage....
¶ 10. In its investigation, AIC deposed Lipscomb. Lipscomb’s deposition testimony revealed the following: that he had built the apartment building for the purpose of renting it, and that it had been rented since its construction; that he had advertised the apartment for rent by placing an “apartment-for-rent” sign in the front yard of his personal residence; that at the time of the fire, his only source of income was rental income; that he had never received a copy of the policy until after the fire; that Buddy Oliver, his agent, had told him before and after the fire that he was fully covered, and that “this will be taken care of you know;” that Oliver knew that he rented rooms in his home, as well as the apartment building behind his house, and that they had discussed his renting situation at social occasions.
¶ 11. After reviewing the unambiguous language of the policy, the complaint, and the relevant deposition testimony, this Court must come to the conclusion that the conduct alleged in Plaintiffs’ complaint is outside the coverage of the policy. Plaintiffs’ complaint and Lipscomb’s deposition testimony reveal that Lipscomb was operating a business by renting out rooms inside his home, as well as the two rooms in the apartment building behind his home. And it is undisputed that Lipscomb’s sole source of income at the time of the fire was his rental properties. Lipscomb’s policy with AIC clearly precludes coverage when bodily injury or property damage occurs that arises out of or in connection with a business engaged in by the insured, or that arises out of the rental of any premises by the insured that is not an insured location.[9] Since the conduct alleged in the. complaint falls outside the coverage of the policy, AIC has no duty to defend Lipscomb against Plaintiffs’ claims.[10]
*561 CONCLUSION
¶ 12. The terms of the policy expressly preclude coverage when bodily injury or property damage occurs that arises out of or in connection with a business engaged in by the insured, or that arises out of the rental of any premises by the insured that is not an insured location. The record shows that the conduct alleged in the complaint falls outside the coverage of the policy. Accordingly, the trial court erred in denying AIC’s motion for summary judgment, as no genuine issue of material fact exists as to whether AIC must provide coverage. Accordingly, we reverse and remand for entry of an order consistent with this opinion. AIC is dismissed with prejudice.
¶ IS. REVERSED AND REMANDED.
CARLSON AND DICKINSON, P.JJ., RANDOLPH, LAMAR, CHANDLER AND KING, JJ., CONCUR. KITCHENS, J., DISSENTS WITH SEPARATE WRITTEN OPINION. WALLER, C.J., NOT PARTICIPATING.

. Approximately eight months passed between the time Lipscomb purchased the homeowners policy and the fire.

. Price v. Clark, 21 So.3d 509, 517 (Miss.2009) (citing Arceo v. Tolliver, 949 So.2d 691, 694 (Miss.2006) (citation omitted)).

. Newell v. Hinton, 556 So.2d 1037, 1041 (Miss.1990) (citations omitted).

. Baker Donelson Bearman & Caldwell, P.C. v. Muirhead, 920 So.2d 440, 450 (Miss.2006).

. Id. at 451.

. See Delta Pride Catfish, Inc. v. Home Ins. Co., 697 So.2d 400, 403 (Miss.1997).

. See Farmland Mut. Ins. Co. v. Scruggs, 886 So.2d 714, 719 (Miss.2004); Delta Pride Catfish, Inc., 697 So.2d at 403; and Moeller v. Am. Guar. & Liab. Ins. Co., 707 So.2d 1062, 1069 (Miss.1996).

. See Mavar Shrimp & Oyster Co., Ltd. v. U.S. Fid. & Guar. Co., 187 So.2d 871, 875 (Miss.1966).

. The policy indicates that the only property insured by the policy was 723 Euclid Avenue, Jackson, Mississippi, 39202. This property was Lipscomb's personal residence. The apartment building had its own separate address: 723½ Euclid Avenue, Jackson, Mississippi, 39202.

. See Scruggs, 886 So.2d at 719; Delta Pride Catfish, Inc., 697 So.2d at 403; and Moeller, 707 So.2d at 1069.