# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 4, 2025

Lyle W. Cayce
Clerk

————————

No. 25-60083

————————

Loretta Anderson, *Individually and on behalf of Albert Anderson Estate*,

*Plaintiff—Appellant*,

*versus*

Hinds County; Sharon Grisham Stewart; Hinds County Board of Supervisors, Current and at time of death; City of Jackson; John Doe; John Doe Company; Jane Doe; Hinds County Coroner's Office; Jackson Police Department,

*Defendants—Appellees*.

————————————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:24-CV-804

————————————————————————

Before Jones, Stewart, and Ramirez, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 25-60083

Albert Anderson died after being struck by a motor vehicle on July 19, 2023. His family was not notified of his death until January 2024, even though he died with an identification card in his pocket and a hospital bracelet with his name on his wrist, and even though his family reported him missing. In the meantime, his body was stored at the Hinds County Coroner's Office, allegedly in a "makeshift cooler" that led his corpse to decay to such an extent that his family opted to cremate his remains despite their preference for burial. Albert's sister, Loretta Anderson, sued Hinds County, the Hinds County Board of Supervisors, the Hinds County Police Department (the "Hinds County Defendants"), the City of Jackson, the Jackson Police Department, Sharon Grisham Stewart,[1] and unnamed others in state court under 42 U.S.C. § 1981, § 1983, and the Mississippi Tort Claims Act (MTCA), over the treatment of Albert's body. The Hinds County Defendants removed the case to federal court and filed a motion to dismiss for failure to state a claim, which the district court granted. Ms. Anderson appealed. Reviewing *de novo*, accepting all well-pled facts as true, and drawing all reasonable inferences in the non-moving party's favor, *see Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023), we AFFIRM.

## I. Section 1983

Through section 1983, Appellant alleged violations of both the Due Process and Equal Protection Clauses of the Fourteenth Amendment. To state these claims, Appellant must prove "three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037 (1978)); *see also Monell*, 436 U.S. at 690 n.55, 98 S. Ct. at 2035

---

[1] The district court concluded that Stewart was sued in her official capacity, and Appellant does not challenge that holding on appeal.

2

n.55 ("official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent"). Appellant supplied a "Death Notification Policy" requiring the Coroner's Office to identify decedents, track down next-of-kin, and ensure that they are notified "as soon as possible." As the policy requires timely notification, and Appellant claims that notification was untimely, it follows that she is alleging a violation of the policy. A policy cannot motivate a violation of itself. *See Monell*, 436 U.S. at 694, 98 S. Ct. at 2037–38 ("[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when *execution of a government's policy* . . . inflicts the injury that the government as an entity is responsible under § 1983." (emphasis added)).

## II. Section 1981

Appellant does not defend her section 1981 claim on appeal. Any argument challenging its dismissal was abandoned. *See N. Cypress Med. Ctr. Operating Co., Ltd. v. Cigna Healthcare*, 952 F.3d 708, 711 n.3 (5th Cir. 2020).

## III. MTCA

Appellant failed to serve a notice of claim that complied with the MTCA, which requires notices to, *inter alia*:

> Contain a short and plain statement of the facts upon which the claim is based, including the circumstances which brought about the injury, the extent of the injury, the time and place the injury occurred, the names of all persons known to be involved, the amount of money damages sought, and the residence of the person making the claim at the time of the injury and at the time of filing the notice.

Miss. Code Ann. § 11-46-11(2)(b)(iii). Appellant's notice of claim, meanwhile, stated:

> VIOLATIONS of U.S. Constitution 14th Amendment, Due Process, U.S. Section 1983, deprivation of equal protection

rights, discriminatory intent against a person with a disability, Mis-Use [sic] of Government Intel and Resources, U.S. Section 1981, Mississippi Constitutional Due Process and equal protection under Article III, Section 14, Gross Negligence handling and Violation of Miss.Code [sic] Section 41-39-5, Mishandling of a corpse, Intentional infliction of emotional distress, Negligent infliction of emotional distress, and any other legal right that might not be known at the time of this notice claims [sic].

Appellant argues that her "substantial compliance" should allow her case to proceed. The Supreme Court of Mississippi does apply a substantial compliance standard with respect to this provision of the MTCA. *See Price v. Clark*, 21 So. 3d 509, 520 (Miss. 2009). But that "Court does not reach the issue of substantial compliance with the statute unless the notice contains some information for each category." *Burnett v. Hinds Cnty. By and Through Bd. of Supervisors*, 313 So. 3d 471, 478 (Miss. 2020). As the district court pointed out, her notice of claim adhered to none of the requirements of section 11-46-11(2)(b)(iii). It was therefore not substantially compliant with Mississippi law. And Appellant's related argument that she may nevertheless benefit from section 11-46-11(c)'s tolling of the statute of limitation for ninety-five days after the filing of a notice of claim is without merit because her notice of claim was unsatisfactory.

For a broader conception of substantial compliance that would focus on whether the purposes of section 11-46-11 were satisfied, Appellant repeatedly cites the dissenting opinion in *Price v. Clark*—without noting that it was a dissent. *See* 21 So. 3d at 536 (GRAVES, J., dissenting). Even if that dissent was broad enough to endorse Appellant's minimal compliance in this case—which we think dubious—it is not the law, so we do not apply it.

No. 25-60083

\*     \*     \*

Finally, we do not take well Appellant's suggestion that the district court was "ignoring, disavowing, or even slightening [sic] the U.S. Constitution" by dismissing her case. Likewise, Appellant's charge that the district court was somehow showed bias by deciding this case less than a week after her memorandum in opposition to the defendants' motions to dismiss is baseless and inappropriate. The district court's fairness is reflected in its thorough and well-reasoned opinion.

To the extent Appellant raises issues or arguments in her brief that are not addressed herein, that is because we find them presented in sufficiently incoherent a fashion—by a litigant who is not proceeding *pro se*—as to be waived.

For the foregoing reasons, we AFFIRM.